## PEOPLE *v.* MASSETT.

(*Supreme Court, General Term, First Department.* December 2, 1889.)

1. TRIAL—VERDICT—INCONSISTENT FINDINGS.
    Defendant and two others were indicted for robbery. There was evidence that while in defendant's saloon the prosecuting witness was pushed and held down by all three, and that his money was forcibly taken from his trousers pocket by defendant; the two others all the while assisting. Defendant's evidence was to the effect that, on the refusal of the prosecuting witness to pay for his drinks, he was ejected from the saloon; and that he was not pushed down, nor in any way assaulted, further than being shaken by defendant, who took hold of the lapels of his coat, on his refusal to pay for the drinks. *Held,* that a verdict convicting defendant, and acquitting his two co-defendants, was contrary to the evidence, since that against defendant was precisely the same as against the others; and, if the two co-defendants were innocent, defendant could not have been guilty.

2. ROBBERY—EVIDENCE—DEGREE OF OFFENSE.
    By Pen. Code N. Y. §§ 228, 229, "all robbery accomplished by force or violence, or by fear of immediate injury to the person," is robbery in the first or second degrees. By section 230, all other robbery is in the third degree. *Held,* that a verdict of guilty of robbery in the third degree was not warranted by the evidence, since it showed that the robbery, if any, was by force and violence.

Appeal from court of general sessions, New York county.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Purdy & McLaughlin,* for appellant. *John R. Fellows,* Dist. Atty., (*McKenzie Semple,* Asst. Dist. Atty., of counsel,) for the People.

VAN BRUNT, P. J. The appellant was jointly indicted with Charles Cornell and Joseph Lull for robbery in the first degree. The indictment charges that these three men, by the use of violence, robbed John O'Byrne of a sum amounting to $34. The defendants were jointly tried, and the jury, under the proof submitted to them for their consideration, rendered the extraordinary verdict acquitting the defendants Cornell and Lull, and convicting the appellant Massett of robbery in the third degree. The evidence upon the part of the people consisted principally of the testimony of the complainant John O'Byrne; and, as the question of the guilt or innocence of the persons

indicted depended upon this evidence, it may be necessary to refer to it somewhat in detail. The complainant testified that after, on the day in which the robbery was alleged to have been committed, wandering among various saloons, he found himself going down Christopher street, towards West, and, in the middle of the block, Cornell met him, and, as he was passing him, nodded to him; that he had never seen him before, but that he thought he recognized him as being somebody whom he knew, by the name of Kelly, and he said, "'Hello, Johnny,' and he nodded to me, and I asked him if his name was Kelly, and he said, 'Yes.'" While this conversation was going on, they were walking towards West street, and nothing more was said, but they entered the saloon of Massett, at the corner of Gay street. After going into the saloon, the defendant Lull being there, drinks were called for, and they were had. At this time, Massett was not in the saloon. Drinks were subsequently called for, and a dispute arose in reference to payment for the drinks on the one side, and upon the other a demand of change for a two-dollar bill which the complainant alleges he gave to the woman who tended bar in payment of the drinks. While this controversy was going on the defendant Massett came in. The complainant continued his testimony, as follows: "Mr. Massett, when I first saw him, was passing behind the bar; I asked for my change before he came in. While I was asking the second time, he came around the bar. I had said, 'I want my dollar and sixty cents.' I was on the point of finishing. As soon as Massett came in, the woman said: 'This young man owes me sixty cents, and I can't get it out of him,' and Massett said, 'Has he got any money?' I made a demand for my change—the dollar sixty—again. Before Massett, I said: 'I want my change. I don't owe nothing. I want my change,—the dollar and sixty cents.' When he asked if I had any money, the woman said, 'Yes,' and he came out from behind the bar, and caught me by the coat lapel with both hands, and the other two,—Lull and Cornell. I got tripped and knocked down, (Lull and Cornell were at my back at the time;) then I was forced down backwards by all three, by a push,—no blow. Lull and Cornell took hold of me, and helped to push me down, and when I was down I hollered, 'Police,' and while I was hollering 'Police' this woman says, 'Shut him up,' and she ran to the door on Christopher street and stood there, holding onto the swinging doors, and partly looking out. At this time, my hand was in my left-hand trousers pocket, and I had my money in my pocket, holding onto it, as it was before; and Cornell and Lull were at my shoulders, holding me down with their hands on my shoulders, and Massett was kind of stooping over me, at my feet, rummaging in my pockets. He went first through the vest pockets, and then he was at the right-hand trousers pocket, and Cornell pointed out the pocket it was in. He says, 'This is the one,' pointing to my left-hand trousers pocket, and then I hollered 'Police;' and, as soon as I hollered 'Police,' Lull caught me by the nose, and held his hands up there, (indicating,) with his hand over my mouth. Then Massett, after it being pointed out to him, grabbed for my left-hand trousers pocket, and pulled out my hand, and took the money out of my hand, forcibly. I resisted the pulling out; but I had no power, because they held my arm. In the struggle, my pants got torn,—this pocket, (indicating the left-hand trousers pocket.) The money came out; and he twisted my arm around, and got the money out. Cornell and Lull were holding me there at the time. Cornell was holding my arms at one side. Lull had only one hand employed in holding my nose, and he had the other hand employed in keeping me down. Then they lifted me from where I was—just caught me by the back of the collar—the three of them. I was so confused that I could not say which one of them fired me out. They lifted me up, and put me out in the street, on the Christopher-Street side,— the door I entered. All my money was taken. I had only ten cents left. Massett was the man that took it. All three aided in putting me out. The

woman was there at the time. She stood guard at the time until I got thrown out." Upon this state of the evidence the jury acquitted Lull and Cornell, and convicted Massett of robbery in the third degree.

There seem to be two extraordinary circumstances connected with this verdict. · The *first* is the acquittal of Lull and Cornell and the conviction of Massett, when the evidence against Lull and Cornell was precisely the same as that against Massett; the *second* is the rendering of a verdict against Massett of guilty of robbery in the third degree, when it was clear that, if he had been guilty of anything, he was guilty of robbery in the first or second degree. Robbery in the first and second degree is "all robbery accomplished by force or violence, or by fear of immediate injury to the person," etc. And robbery in the third degree is all other robbery.[1]

If any robbery whatever was committed, it certainly was committed with force and violence; and therefore the appellant could not have been guilty of robbery in the third degree. This is referred to for the purpose of showing how extraordinary was the conduct of the jury in considering the evidence in the case. The defendants, upon their behalf, were examined, and testified that no such transaction took place; that the complainant refused to pay for the drink; that he was ejected from the saloon, and that was all; that he was neither pulled down, nor was he in any way assaulted, further than being shaken by Massett, who took hold of the lapels of his coat when he refused to pay for the drinks; that he was greatly under the influence of liquor, and was politely assisted out. The jury, in the consideration of this evidence, either must have violated their oaths in the acquittal of Cornell and Lull or in the conviction of Massett, because, as already stated, the evidence against the one was precisely the same as the evidence against the others. They were all engaged in the robbery, or none of them. If the complainant's story was not sufficient to convince the jury as to Cornell and Lull, clearly it was not sufficient to convince them as to Massett. If Lull and Cornell were not guilty, Massett could not possibly have been guilty. Under these circumstances, it would seem as though Massett had been convicted of keeping a liquor saloon, rather than of the offense for which he was indicted. Juries should not be permitted to render verdicts which are so inconsistent the one with the other. A verdict of this kind is entitled to no consideration, and should be set aside at once, as it shows, whichever horn of the dilemma you may take, a disregard by the jury of the evidence adduced in the case. The judgment must be reversed, and new trial ordered. All concur.

