## COURT OF APPEALS.

### Jan. 7, 1908.

## THE PEOPLE *v.* GEORGE E. MUNROE.

### (190 N. Y. 435.)

ROBBERY AIDED BY AN ACCOMPLICE—ACQUITTAL OF ACCOMPLICE NECES-
SARILY ACQUITS PRINCIPAL.

Where under subdivision 2 of section 228 of the Penal Code,
defining robbery in the first degree as committed by a person,
"being aided by an accomplice actually present," an indictment
charges the crime as committed by two persons each alleged to
have been the accomplice of the other, and one is acquitted,
a judgment entered upon a verdict finding the other "guilty
as charged" must be reversed, since the evidence if insufficient
to convict one must also have been insufficient to convict the
other.

*People* v. *Munroe*, 119 App. Div. 704, 21 N. Y. Crim. 209 re-
versed.

APPEAL from an order of the Appellate Division of the Su-
preme Court in the third judical department, entered May 29,
1907, affirming a judgment of the Albany County Court ren-
dered upon a verdict convicting the defendant of the crime of
robbery in the first degree.

1

The indictment reads as follows: " The grand jury of the County of Albany, by this indictment, accuse George E. Munroe and William Barry of the crime of robbery in the first degree, committed as follows: The said George E. Munroe, on the 16th day of August, 1906, at the city of Albany, in this county, with force and arms, the said George E. Munroe being then and there aided by an accomplice actually present, to wit, William Barry; and the said William Barry on the 16th day of August, 1906, at the city of Albany, in this county, with force and arms, the said William Barry being then and there aided by an accomplice actually present, to wit, George E. Munroe; feloniously did make an assault in and upon the body of one William H. Colbert, and did feloniously and unlawfully steal, take and carry away from the person of the said William H. Colbert, against the will of the said William H. Colbert, by means of force and violence to the person of the said William H. Colbert, the following described moneys and personal property of the said William H. Colbert, to wit, eight dollars ($8.00), good and lawful money of the United States of America, of a kind and description to the grand jury unknown and a more particular description of which cannot now be given and of the value of eight dollars ($8.00)."

The defendant Munroe was convicted of the crime as charged and defendant Barry was found not guilty.

*Rollin B. Sanford* for appellant. The presence of an accomplice aiding in a criminal act is essential to make out the crime of robbery in the first degree, there being no evidence that dangerous weapons were used or harm or injury inflicted to the person. (Penal Code, § 228; *People* v. *Hochstine,* 76 App. Div. 25; *People* v. *De Garmo,* 73 App. Div. 46; *People* v. *Downs,* 56 Hun, 5; 123 N. Y. 558; *People* v. *Zucker,* 20 App. Div. 363; *People* v. *Massett,* 7 N. Y. Supp. 839.)

*George Addington,* District Attorney, for respondent. The

evidence is abundant and conclusive that Colbert was robbed by defendant and Barry, and the claim that the jury having acquitted Barry, Munroe therefore, had no accomplice, and hence his conviction is illegal, cannot be upheld. (1 Bishop's New Cr. Proc. 464; *Kline* v. *People,* 31 N. Y. 229; *White* v. *People,* 32 N. Y. 464; *People* v. *Kief,* 126 N. Y. 661; *People* v. *Cotto,* 131 N. Y. 577.)

EDWARD T. BARTLETT, J. The single question presented by this appeal is whether the verdict against the defendant Munroe can stand, his accomplice, Barry, having been acquitted. The indictment charges the crime of robbery in the first degree; that Barry was the accomplice of Monroe; also that Munroe was the accomplice of Barry. Section 228 of the Penal Code defines the crime as committed by a person: " 1. Being armed with a dangerous weapon; or 2, Being aided by an accomplice actually present." Subdivision 3 has no application to the case at bar. The indictment was drawn under subdivision 2.

The complainant, William H. Colbert, residing in the city of Albany, was, on the 16th day of August, 1906, waylaid when proceeding homeward between eleven and twelve o'clock at night by the defendants, and possibly by two other men, and robbed of eight dollars in money. The complainant testified that the defendants approached him from behind, pinioned his arms and robbed him of his money. The police were near at hand and heard the " scuffle " as the men ran away. One officer testified: " They were all together when I grabbed Munroe " (the defendant); " the four men together." Another officer swore that he attempted to arrest one of the two men who escaped; he said: " I tried to get one of the others and grabbed his pocket and he got away." The indictment makes no reference to the two other men.

It is not clear that these men were actually present at the time the robbery was accomplished. A grand jury framing an

indictment under section 228, subdivision 2, of the Penal Code, providing that the robber must be "aided by an accomplice actually present," is bound to plead that fact and point out the accomplice, if able to do so, or aver that his name is unknown to them. In the case before us the indictment was properly drawn, and we are brought to the question whether the defendant Munroe was legally convicted, his accomplice, Barry, having been found not guilty.

The question of a lesser degree of crime is not before us, as it was pleaded and proved that the defendant Munroe robbed the complainant, aided by Barry, who was actually present. The evidence that convicted Munroe also convicted Barry; if it was not sufficient to convict Barry, it is clear that it was insufficient to convict Munroe. The acquittal of Barry amounted to this, in substance: The jury found that Barry was not actually present at the time of the robbery aiding Munroe. This being the fact, how was it possible to convict Munroe of robbery in the first degree? It appears that the trial judge did not charge the jury as to the provisions of section 228 of the Penal Code, defining robbery in the first degree. It also appears that neither counsel requested the court to so charge. The jury were told in the charge, as follows: "If you find one of the defendants guilty and the other not guilty, you should return such a verdict, specifying the one who is guilty and the one who is not guilty."

It is obvious that the jury had no appreciation of the proof necessary to convict the defendant Munroe of the crime of robbery in the first degree. The jury's verdict is as follows: "We find the defendant, Munroe, guilty *as charged* and recommend him to the mercy of the court. And we find the defendant, Barry, not guilty." This verdict necessarily found Munroe guilty of robbery in the first degree.

The defendant's counsel moved to set aside the verdict on various grounds, this, among others: "There being no difference in the evidence, there must have been no difference in the

minds of the jury of the guilt of the defendants." The motion was denied and exception taken.

This question was presented to the General Term, first department, in *People* v. *Massett* (7 N. Y. Supp. 839), VAN BRUNT, P. J., writing and DANIELS and BARRETT, JJ., concurring. VAN BRUNT, P. J., said: "The jury in the consideration of this evidence, either must have violated their oaths in the acquittal of Cornell and Lull, or in the conviction of Massett, because, as already stated, the evidence against the one was precisely the same as the evidence against the others. They were all engaged in the robbery or none of them. * * * Juries should not be permitted to render verdicts which are so inconsistent the one with the other."

In the foregoing case Massett was jointly indicted with Cornell and Lull for robbery in the first degree. There was no question of dangerous weapon; the three men threw the complainant down upon the floor, held him and took his money.

The judgment of the County Court of Albany county convicting the defendant George E. Munroe of robbery in the first degree, and the judgment of the Appellate Division, third department, affirming the same, should be reversed and a new trial ordered.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BART-LETT and HISCOCK, JJ., concur.

Judgment of conviction reversed, etc.