PEOPLE v. ROOF.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. INDICTMENT AND INFORMATION (§ 159*)—AMENDMENT—"ROBBERY"—AID OF ACCOMPLICES.

Pen. Code, § 228, subd. 2, provides that an unlawful taking, if accomplished by force or fear, is robbery in the first degree, when committed by a person aided by an accomplice actually present. *Held,* that an indictment alleging that L. and R., at a specified date, time, and place, "each * * * being aided by an accomplice actually present," did unlawfully, etc., take certain personal property of K., against his will and by force and violence done to him by the said L. and R. by means of choking or otherwise assaulting K., sufficiently charged "robbery" by the assistance of an accomplice actually present, the clause quoted being treated as surplusage; and hence the court did not err in permitting the state to file an amendment alleging, after the quoted clause, that L. was aided by R. as an accomplice, and that R. was aided by L. as an accomplice.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 505–514; Dec. Dig. § 159.*

For other definitions, see Words and Phrases, vol. 7, pp. 6258–6264; vol. 8, p. 7792.]

2. INDICTMENT AND INFORMATION (§ 124*)—JOINT OFFENDERS.

Where two persons were present and assisted each other in perpetrating a robbery, they were properly jointly indicted as accomplices of each other.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 327–333; Dec. Dig. § 124.*]

Appeal from Chenango County Court.

Fred B. Roof was convicted of robbery in the first degree. From an order denying defendant's motion for a new trial, and denying his motion for arrest of judgment, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

William H. Sullivan, for appellant.
James P. Hill, for the People.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. COCHRANE, J. The defendant was indicted jointly with Myron Lamphere for the crime of robbery in the first degree, committed on one Stephen Knapp. The indictment alleges:

"That said Myron Lamphere and Fred Roof, on the 5th day of December, 1908, at the town of New Berlin, Chenango county, N. Y., then and there being, each of said persons being aided by an accomplice actually present, did unlawfully, wickedly, criminally, and feloniously take certain personal property, to wit, the sum of twenty-seven dollars ($27.00), being in the form of a twenty dollar bill, a five dollar bill, and two dollars in change, from the person of one Stephen Knapp, against the will of said Stephen Knapp, and by means of force and violence done to said Stephen Knapp by the said Myron Lamphere and Fred Roof, and by means of striking, choking, and otherwise assaulting the said Stephen Knapp."

Then follow other allegations not necessary to this discussion.

The defendant, Fred Roof, was tried separately. At the beginning of his trial he was permitted to withdraw his plea of not guilty and to interpose a demurrer to the indictment. The district attorney, against the objection of the defendant, was permitted to amend the indictment, so as to insert therein, after the words "each of said persons being aided by an accomplice actually present," the following:

. "The said Myron Lamphere being then and there aided by an accomplice actually present, to wit, Fred Roof, and the said Fred Roof being then and there aided by an accomplice actually present, to wit, Myron Lamphere."

After such amendment the demurrer was overruled, the plea of not guilty was restored, and the trial proceeded, resulting in the conviction of the defendant for the crime as charged in the indictment.

It is now urged that the demurrer to the indictment should have been sustained. In my opinion the indictment as originally framed was sufficient, without the amendment. It was framed with reference to subdivision 2 of section 228 of the Penal Code, which section defines the crime of robbery in the first degree as an unlawful taking of property, if accomplished by force or fear in a case specified in the foregoing sections of the chapter, when committed by a person "being aided by an accomplice actually present." Lamphere and Roof were the accomplices of each other. It was clearly competent to indict them jointly, on the theory that each was actually present and aiding the other in the execution of the common purpose to unlawfully and forcibly take from Knapp his property. This we think was the reasonable and necessary implication of the indictment before the amendment. The clause therein, "each of said persons being aided by an accomplice actually present," might have been omitted without any impairment to the indictment, and there would have been no doubt of an intention to charge Lamphere and Roof with aiding each other and of being actually present with each other in the commission of the crime. Such clause was clearly surplusage, and it was unnecessary that it should be alleged or proved. To hold otherwise would be an unwarranted sacrifice of substance to form. The indictment in fact meant that Lamphere and Roof were both actually present aiding each other as accomplices. There could be no mistake in its meaning, nor could the defendant be misled in respect thereto.

"No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of an imperfection in matter of form, which

does not tend to the prejudice of the substantial rights of the defendant, upon the merits." Code Cr. Proc. § 285.

In People v. Munroe, 190 N. Y. 435, 83 N. E. 476, it was said:

"A grand jury, framing an indictment under section 228, subd. 2, of the Penal Code, providing that the robber must be 'aided by an accomplice actually present,' is bound to plead that fact and point out the accomplice, if able to do so, or aver that his name is unknown to them."

This we think has been done in the present case. In that case, as in this, the two persons alleged to have been accomplices were jointly indicted. They were tried together, and one of them was acquitted, and on the same evidence the other convicted. It was held that, if the evidence was not sufficient to convict one, it was not sufficient to convict the other. No such question arises in this case. In the Munroe Case the indictment was held sufficient, but the evidence was insufficient to sutain it.

The county judge in the present case carefully and clearly instructed the jury as to the necessity of proof required, and that without the existence of an accomplice actually present and assisting in the commission of the crime there could be no conviction in the first degree. There was no attempt to prove, nor was there any suggestion, that any other person was engaged in the commission of the crime, except Lamphere and Roof.

Discussion of the other questions raised is unnecessary, further than to say that we have carefully examined the evidence, and think that it fully justifies the verdict of the jury, and that no error was committed at the trial prejudicial to the defendant.

The judgment of conviction and orders must be affirmed. All concur except SEWELL, J., not voting.