(164 App. Div. 97)

### PEOPLE v. C. KLINCK PACKING CO.

(Supreme Court, Appellate Division, Fourth Department. October 22, 1914.)

MASTER AND SERVANT (§ 13*)—STATUTORY REGULATIONS—HOURS OF SERVICE.
  Labor Law, § 8a, as added by Laws 1913, c. 740, providing that every employer carrying on any factory or mercantile establishment shall allow every person, except those therein specified, employed in such factory or mercantile establishment, at least 24 consecutive hours of rest in every 7 consecutive days, is a valid exercise of the police power of the Legislature, and is within the legislative prerogative to enact statutes for the moral and physical well-being of citizens.
  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*]

Appeal from Erie County Court.

The C. Klinck Packing Company was convicted of violations of the Labor Law. From a judgment of the County Court (85 Misc. Rep. 463, 148 N. Y. Supp. 940), affirming four separate judgments of conviction, it appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

August Becker, of Buffalo, for appellant.

Wesley C. Dudley, Dist. Atty., of Buffalo (Clifford McLaughlin, of Buffalo, of counsel), for the People.

PER CURIAM. We are of the opinion that section 8a of the Labor Law, being section 8a of article 2 of chapter 31 of the Consolidated Laws, as amended by chapter 740 of the Laws of 1913, providing that every employer of labor engaged in carrying on any factory or mercantile establishment in this state shall allow every person, with certain exceptions specified in subdivision 2 of said section, employed in such factory or mercantile establishment, at least 24 consecutive hours of rest in every 7 consecutive days, is within the police power of the Legislature, and therefore constitutional. Its enactment clearly rests upon grounds of public policy. It has always been within the legislative prerogative to enact statutes for the moral and physical well-being of our citizens, and we think the Legislature did not exceed its authority in prescribing the intermission of rest provided by this statute for the health and physical welfare of such of our citizens as come within its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provisions. So much has been written upon the police power of the Legislature to enact laws for the physical and moral welfare of our citizens that we do not deem it necessary or profitable to add to the volume of instructive discussion found in the reported cases. The cases of Lindenmuller v. People, 33 Barb. 548, opinion by Allen, J., and People v. Havnor, 149 N. Y. 195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707, among others, cover the subject, and we think have clear application to the cases at bar.

We are of the opinion, however, that the judgment of conviction based upon the employment of William L. Buchs should not be sustained. Subdivision 2 of section 8a of the statute referred to expressly exempts from the operation of the law superintendents or foremen in charge. We are of the opinion that Buchs was at the time of the alleged violation of the statute clearly a foreman in charge of the work and within the exception mentioned.

It follows that the judgments of conviction as to Max Pfau, Fred Hohensee, and Jacob Shank should be affirmed, and that the judgment of conviction based upon the employment of William L. Buchs should be reversed; but, it appearing upon the undisputed evidence that the offense charged was not in this instance made out, no new trial should be granted.