PARK v. EISENBERG et al. (Supreme Court, Appellate Term, First Department. December 4, 1914.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by William Park against Jacob Eisenberg and others. From an order setting aside a verdict in favor of defendants, defendants appeal. Reversed, and verdict reinstated. Myers & Goldsmith, of New York City (Emanuel J. Myers and Josiah Canter, both of New York City, of counsel), for appellant. Abraham Landau and Jacob I. Berman, both of New York City, for respondents.

PER CURIAM. This action was brought for goods sold and delivered. The defense was that the goods were sold by sample, and that they did not correspond in kind, color, or quality. The delivery of the goods, the amount, and price agreed upon were conceded, and the only issue was as to whether or not the goods delivered were according to the samples shown. Upon this issue there was a sharp conflict of evidence. Experts were called by both sides and the case was submitted to the jury in a charge eminently fair to the defendant. The plaintiff asked the court to charge the jury that, "if the goods delivered are as near the sample as human agency can make them, the plaintiff is entitled to a verdict." This the court refused to charge. The jury, however, found for the plaintiff, which verdict the court below immediately set aside as contrary to the evidence. A careful reading of the record does not bear out this claim. The trial justice stated that the "plaintiff's own witnesses have testified that these goods were not the same as the sample." The plaintiff offered the testimony of three witnesses, concededly experts, each of whom had carefully examined the samples and the goods, and each of whom testified, in substance, that the goods delivered were identical in color, made from the same warp and from the same material, and that if there was any difference in finish it was slight, and that the goods delivered were as near the samples as any goods could be made. We can discover no preponderance of testimony in favor of the defendant that leads us to believe that the verdict of the jury was reached by reason of any prejudice or bias. Order reversed, with costs, and verdict reinstated.

---

Ex parte PEACH. (Supreme Court, Appellate Division, Fourth Department. December 2, 1914.) In the matter of the application of William J. Peach for a writ of habeas corpus, etc. No opinion. Order affirmed.

---

PEOPLE, Respondent, v. ANDREW et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 13, 1914.) Proceeding by the People of the State of New York against Charles Andrew and others. No opinion. Judgment of conviction of the Court of Special Sessions affirmed by default.

---

PEOPLE, Respondent, v. BALL, Appellant. (Supreme Court, Appellate Division, First Department. December 31, 1914.) Proceeding by the People of the State of New York against John A. Ball. J. B. Stanchfield, of New York City, for appellant. W. E. C. Mayer, of New York City, for the People. No opinion. Judgment affirmed. Order filed.

---

---

PEOPLE, Respondent, v. BRYANT, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1914.) Proceeding by the People of the State of New York against Henry Bryant. No opinion. Judgment of conviction of the County Court of Kings County affirmed. See, also, 163 App. Div. 963, 148 N. Y. Supp. 1134.

---

PEOPLE, Respondent, v. BURNSTEIN, Appellant. (Supreme Court, Appellate Division, Second Department. November 13, 1914.) Proceeding by the People of the State of New York against Philip Burnstein.

PER CURIAM. In this case the jury were instructed that they might find a verdict of guilty against the prisoner on any one of the three crimes charged in the indictment, and the request by the district attorney to the trial court for an instruction that the jury might find defendant guilty of burglary and larceny was practically refused. The seeming inconsistency in the verdict rendered by the jury does not, under the circumstances of the submission to it of the question of defendant's guilt, fall within the rule declared in People v. Munroe, 190 N. Y. 435, 83 N. E. 476. The judgment of conviction of the County Court of Kings County is therefore affirmed.

---

PEOPLE, Respondent, v. C. KLINCK PACKING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 18, 1914.) Proceeding by the People of the State of New York against the C. Klinck Packing Company. No opinion. Motion for leave to appeal (164 App. Div. 97, 149 N. Y. Supp. 504) to Court of Appeals granted.

---

PEOPLE v. FURCOLO. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Proceeding by the People of the State of New York against Ralph Furcolo. No opinion. Motion granted. Order filed. See, also, 160 App. Div. 880, 144 N. Y. Supp. 1135.