■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARAM HOVNANIAN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 14, 1958 after a jury trial, convicting him of manslaughter in the first degree, and sentencing him as a second felony offender to serve a term of 10 to 20 years. Judgment affirmed. Defendant was indicted and tried with two codefendants, Joseph A. Torre and Julia T. Villano, for manslaughter in the first degree, for causing the death of a young girl during the course of an abortion. The evidence adduced, including the testimony of medical experts, established: (1) that the defendant, believing he had caused the decedent to become pregnant, communicated with codefendant Torre for the purpose of arranging an abortion; (2) that Torre induced the codefendant Villano to perform the abortion; (3) that, in the absence of Torre and defendant, Villano performed the abortion by the insertion of a syringe containing a soap solution into decedent's vagina; and (4) that death resulted from an air embolism caused by the abortion. The jury found the defendant guilty of manslaughter in the first degree, while it found the codefendants Torre and Villano guilty of abortion. Defendant contends that the inconsistent verdicts neces-

sitate a reversal of his conviction. This contention is without merit. The evidence amply supports the verdict against defendant. Under the circumstances here, the fact that the jury may have failed to do its duty with respect to the codefendants is no reason for reversing the verdict which it found against defendant (*People* v. *Cohen*, 223 N. Y. 406, 429). If defendant had been indicted and tried alone, his conviction would be supported by the evidence (*People* v. *Eichner*, 168 App. Div. 200). Consistency in the verdicts is not necessarily required (*People* v. *Hollenbeck*, 9 A D 2d 983; *People* v. *Sciascia*, 268 App. Div. 14, affd. 294 N. Y. 927). The defendant relies mainly on two cases (*People* v. *Monroe*, 190 N. Y. 435; and *People* v. *Massett*, 55 Hun 606). These cases are factually distinguishable. We find untenable the defendant's other claims of error. In our opinion: (1) defendant was not prejudiced by the statements of counsel for the codefendant Villano; (2) the trial court correctly and satisfactorily charged the provision of section 393 of the Code of Criminal Procedure, namely, that it would be improper for the jury to draw any unfair inference or to speculate by reason of defendant's failure to testify (*People* v. *Maimone*, 9 A D 2d 780); (3) prejudicial error was not committed by the receipt into evidence of photographs showing the place where defendant buried the decedent's body (*People* v. *Lewis*, 7 A D 2d 732); and (4) the trial court properly denied defendant's motion to set aside the verdict. There is no claim that the prosecutor had indulged in unfair trial tactics with respect to defendant's failure to testify in his own behalf. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.