■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WOFFARD, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 27, 1974, convicting defendant, after a jury trial, of the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, petit larceny and possession of a weapon as a misdemeanor and sentencing him to concurrent indeterminate terms of imprisonment ranging from 8⅓ to 25 years for robbery in the first degree to one year on the petit larceny and weapon charge, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reversing defendant's conviction of all crimes except possession of a weapon as a misdemeanor and dismissing said counts of the indictment. Defendant's conviction of possession of a weapon as a misdemeanor is unanimously affirmed. Defendant was charged with robbing complainant at about 2:15 A.M. while acting in concert with one Horne, after the complainant rejected Horne's offer of a "trick" with a nearby prostitute. According to the complainant, who admitted consuming about five alcoholic drinks prior to the incident, the three men conversed for several moments thereafter and then Horne suddenly pulled out a gun, grabbed $53 from complainant's shirt pocket (which was clearly visible because of the transparency of the garment) and ran away. As to appellant, the complainant testified that he "just stood there" and "I think he was more stunned than I was." When the complainant reached for appellant, the latter produced a knife, inflicted a superficial wound on complainant and ran away. Shortly thereafter defendant and Horne were separately arrested after they were identified by the complainant as the perpetrators. Defendant was searched and found in possession of an "007" knife. Prior to arraignment, both appellant and Horne denied any knowledge of the crime and stated that they had never seen each other or the complainant before the evening in issue. Horne testified in his own behalf at the trial, denied any involvement in the robbery, gave a plausible explanation for his presence in the area at the hour in question, and was exonerated by the jury. Appellant chose not to testify in his own behalf; and was convicted. On review of the record we find the jury's verdict acquitting the principal and convicting the accomplice reversibly inconsistent and irrational. Moreover, in light of the complainant's own testimony, we find appellant's role in the incident insufficiently established to support a criminal conviction for robbery or larceny. (Cf. *People v Cleague,* 22 NY2d 363.) His guilt of the crime of possession of a weapon, however, stands on firmer footing, since a knife was found on his person after a proper search incident to a lawful arrest. Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Lane, JJ.