■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FALLON, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered March 14, 1979, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by deleting therefrom the conviction under the first count of the indictment charging robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law and the sentence imposed thereon, and said count of the indictment is dismissed. As so modified, judgment affirmed. Appellant, who was tried jointly with two codefendants, stands convicted of two counts of robbery in the second degree. The first count alleged that appellant forcibly stole property while being "aided by another person actually present", under subdivision 1 of section 160.10 of the Penal Law, while the second count alleged that in the course of the commission of the crime or of immediate flight therefrom he caused "physical injury to a person who is not a participant in the crime", under section 160.10 (subd 2, par [a]) of the Penal Law. The convictions stem from an incident in which the complainant, after purchasing marihuana from a codefendant, took out his wallet in an effort

to dissuade the three men, with an offer of money, from their insistence that he share some of the contraband with them. On the record before us, the jury was entitled to find that after the complainant had taken out his wallet, appellant kicked him, knocking his wallet and money to the ground, and that appellant and the codefendants thereupon absconded with that property. Although the jury was charged on both robbery and accessorial liability, the two codefendants were each acquitted of robbery but were convicted instead of the lesser offense of petit larceny. Appellant's conviction of robbery in the second degree on the theory of being aided by other persons actually present was repugnant to the codefendants' acquittal of robbery. In the teeth of an instruction on accessorial liability, the codefendants' acquittal of robbery necessarily entailed a finding that they did not aid or abet appellant in his commission of the robbery. The fact that the codefendants were found to have stolen property from the complainant does not, without more, establish that they rendered the requisite aid. Since the evidence makes it clear that appellant was aided either by the codefendants or not at all, the finding that the codefendants were not aiders or abettors makes it legally impossible for appellant to be guilty of robbery on the theory of being aided by another person actually present (see *People v Munroe,* 190 NY 435; *People v Safe-Way Coal Co.,* 242 App Div 659; cf. *People v Cohen,* 223 NY 406, 429-430). Such legal impossibility distinguishes the instant case from those in which the verdicts are merely factually inconsistent, e.g., where one codefendant is convicted of a higher crime while another, on the same evidence, is held liable only for a lesser offense (see *People v Cohen, supra; People v Hovnanian,* 16 AD2d 818; cf. *People v Massett,* 55 Hun 606). We have considered appellant's other contentions and find them to be without merit. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.