## (February 15, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY HAMPTON, Respondent. — Order, Supreme Court, Bronx County (Reilly, J.), entered July 14, 1981, which granted defendant Hampton's motion to set aside the jury verdict and which directed the entry of a not guilty verdict, affirmed. The complainant, Bela Kaufman, testified that he was robbed outside his apartment by defendant Jeffrey Hampton and codefendant, Kevin Coley. The

complainant averred that he had previously known both defendants. Kaufman stated that defendant Hampton took a more active part in the robbery by actually pulling a ring from his finger. Defendant Coley, taking a less active part, allegedly blocked the complainant's passage. The defendants were charged with robbery in the second degree (Penal Law, § 160.10, subd 1) in an indictment that reads as follows: "The said defendants, acting in concert with each other in the County of Bronx, on or about August 11, 1980, forcibly stole property from Bela Kaufman, to wit; personal property, while aided by each other actually present." Based upon the indictment, the trial court, *inter alia,* charged: "Now briefly, ladies and gentlemen, if you find from the evidence by proof beyond a reasonable doubt that each defendant, that is, the defendant Hampton and defendant Coley, knowingly and intentionally participated in the manner I have just described for you, then you may find that each of them was the accomplice of the other in crime. However, in the event you find that either defendant did not act in concert with the other then, ladies and gentlemen, go no further. The case is over. As to both defendants. Because this case depends entirely upon their acting in concert. If they did not act in concert one element of the crime is not proven, and you must find then each defendant not guilty." The court then charged the jury on the five elements of robbery in the second degree (Penal Law, § 160.10, subd 1). With regard to the fifth element, the court stated: "Now we come to the fifth and last element, namely, that each defendant, Jeffrey Hampton and Kevin Coley, was aided in the commission of the alleged robbery by the other person actually present". Initially the jury returned with a verdict of guilty as to defendant Hampton and not guilty as to codefendant Coley. The trial court, after explaining to the jury that they could not find one defendant not guilty without also finding the other not guilty, sent the jury back for further deliberation. Later that day, the trial court accepted the original verdict. In a written decision, the court granted defendant Hampton's motion to set aside the verdict on the ground it was repugnant. It was found that there was a failure of proof on the fifth element of the crime charged, viz., Hampton had not been aided by Coley being actually present. We agree with the trial court's order of acquittal. That court was required to take the indictment as it found the indictment. As will be explained below, the acquittal of one defendant necessitated the acquittal of the other. Subdivision 1 of section 160.10 of the Penal Law reads as follows: "A person is guilty of robbery in the second degree when he forcibly steals property and when: 1. He is aided by another person actually present". The key word in this statutory definition is "aided." A person who "aids" another in committing a crime is guilty as a principal (*People v Liccione,* 63 AD2d 305, 312, 313, affd 50 NY2d 850; Penal Law, § 20.00). Therefore, the "aider," in the context of subdivision 1 of section 160.10 of the Penal Law must himself be a principal in the commission of that crime. Since the jury acquitted defendant Coley of robbery in the second degree, he could not possibly be an "aider" in the statutory context. Hence, Trial Term was correct in setting aside the verdict under the authority of *People v Munroe* (190 NY 435) and its progeny (*People v Fallon,* 78 AD2d 659; *People v Woffard,* 52 AD2d 779). The prosecution had failed to prove the fifth element in its case against defendant Hampton. With regard to the partial dissent, a distinction must be drawn between the facts in this case and those in *People v Munroe (supra).* In this proceeding, defendant Hampton and codefendant Coley were alleged to be the only two individuals involved in the robbery. Thus, as mentioned above, the conviction of one depended upon the conviction of the other and the trial court so charged. In *Munroe,* both Barry and Munroe were charged as accomplices in the then-defined crime of robbery in the first degree. However, two other individuals,

apparently involved in that crime, escaped. The trial court charged that defendant Munroe might be found guilty even if Barry were found not guilty. Therefore, even though Barry was found not guilty, it is possible that the jury believed that he was aided in the crime by one of the individuals who had escaped. Thus, in ordering a new trial on the charge of robbery in the first degree, the Court of Appeals apparently believed that the prosecution could establish that defendant Munroe was aided by one or both of the escapees. We find no merit to the other point raised by the prosecution. Concur — Murphy, P. J., Carro, Asch and Milonas, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would modify the order appealed from to the extent of directing a new trial rather than a verdict of not guilty as to defendant Hampton. The court had charged the jury that if the jury found that either defendant did not act in concert with the other then the jury must acquit both defendants. While I have considerable doubt as to the correctness of the court's instructions, as the jury verdict (finding the codefendant Coley not guilty and defendant Hampton guilty) was clearly contrary to the Judge's instructions, I think the verdict of guilty as to defendant Hampton was properly set aside. But I think the court should have ordered a new trial rather than dismissing the indictment. Where a verdict of conviction rendered on persuasive evidence of guilt is set aside on grounds which do not cast doubt on the defendant's guilt, the preferable corrective action is to order a new trial rather than a dismissal of the indictment. (Cf. L. Hand, Ch. J., in *United States v Coplon,* 185 F2d 629, 640: "For all the foregoing reasons the conviction must be reversed; but we will not dismiss the indictment, for the guilt is plain, and it is possible on another trial that".) Here the evidence of guilt is persuasive. The victim knew both Hampton and codefendant Coley and identified them to the police before they were apprehended. There was no contrary evidence. Defendants' only contentions were that perhaps the victim was mistaken in his identification; and that as to codefendant Coley, if he was the second individual (the alleged aider of defendant Hampton), there was a reasonable doubt that he was guilty of more than mere presence, that he was in the wrong place at the wrong time; and that there was a reasonable doubt as to whether the second individual had any "foreknowledge" or "forewarning" of what the first was doing or going to do. The verdict of guilty as to Hampton was set aside not on grounds that reflect on the substantiality of the evidence of his guilt, but only because of its claimed inconsistency and repugnancy with the verdict of not guilty as to codefendant Coley. The Judge's decision was rendered on defendant Hampton's motion to set aside the verdict. There would thus be no double jeopardy in directing a new trial. Indeed after the jury's verdict, defendant Hampton's oral motion was for a mistrial, not for a dismissal. (His later written motion asked to set aside the verdict and for dismissal.) The court here granted a motion to set aside the verdict under CPL 330.30 (subd 1). Upon granting such a motion "the court must take the same action as the appropriate appellate court would be required to take upon reversing or modifying a judgment upon the particular ground in issue." (CPL 330.50, subd 1.) *People v Munroe* (190 NY 435), is a seminal case in this area. There two persons were charged (p 435) with robbery under a predecessor provision of the Penal Law " 'being aided by an accomplice actually present.'" The jury convicted defendant Munroe but acquitted the alleged accomplice Barry. The Court of Appeals held that the verdict could not stand as to defendant Munroe. It therefore reversed the conviction. But it did not dismiss. It ordered a new trial. Going back a step in the procedure, CPL 310.50 (subd 2) governs the procedure when a jury brings in a verdict "not in accordance with the court's instructions"; the court must direct the jury to

reconsider the verdict and to render a proper verdict. "If the jury persists in rendering a defective or improper verdict, the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant" (CPL 310.50, subd 2). It is clear that the court in this case was not exercising its discretion to direct that the verdict be recorded as an acquittal; on the contrary the court explicitly said, "the defendant has raised sufficient grounds which if raised upon an appeal of a judgment of conviction, would require a reversal *as a matter of law* by the Appellate Court [CPL 330.30, subd 1]." (Italics mine.) Particularly, in the light of *People v Munroe* (*supra*), dismissal was not required as a matter of law. The relevant statutory definition of robbery in the second degree is (Penal Law, § 160.10): "A person is guilty of robbery in the second degree when he forcibly steals property and when: 1. He is aided by another person actually present". I do not agree that in a prosecution against two defendants for robbery in the second degree under this statute, neither defendant is guilty unless both are. It is legally and factually possible for a jury to find one defendant — particularly the more active one — guilty and the other not guilty. Three situations come to mind at once. As to the claimed second participant, the alleged aider, there may be a reasonable doubt as to (a) his identification, (b) his mental culpability, and (c) his aid; and yet the jury may be perfectly persuaded of the guilt of the defendant claimed to be the more active perpetrator (robbery II in cases [a] and [b], and robbery III in case [c]). (a) *Identification:* Obviously on the facts of a particular case the jury may be satisfied as to the identification of one defendant and not the other, thus justifying a verdict of guilty as to one and not guilty as to the other. In *People v Tucker* (59 AD2d 953, 953-954), the Appellate Division for the Third Department said: "In fact, in a joint trial, as here, it is factually and legally possible to find only one defendant guilty of second degree robbery while acquitting the other". (Accord *People v Mann,* 61 Misc 2d 107.) In the present case the chief argument made by defendants' attorneys was the possibility of misidentification. Defendant Coley's attorney said in his summation: "It is for you to determine, number one, whether or not Kevin Coley was one of those two people"; and he pointed out that during the incident the victim "was not looking at the second individual that entire two minutes, that he watched in fact the first perpetrator twisting his arm, removing his ring, and therefore, you can assume that he did not have his eye on the second perpetrator during the entire incident * * * Mr. Kaufman [the victim] said at the time the ring was being twisted off his finger, the second perpetrator was behind him. So, you know that there was not an opportunity to observe that second person all the time." The jury could have found that the victim's opportunity to observe and identify the second person — the aider — was not as good as his opportunity to observe the more active perpetrator (identified as defendant Hampton). The District Attorney's objection to the court's both or neither charge was expressly related to the problem of identification. (b) *Mental Culpability:* The fact that the second person aids the principal perpetrator does not necessarily make the second person guilty as an aider and abettor, an accessory, acting in concert. Such criminal liability on the second person requires not only that the second person "aid" the principal perpetrator but that he do so "intentionally" and "acting with the mental culpability required for the commission" of the crime of robbery. (Penal Law, § 20.00.) The trial court assumed that because "the people failed to prove that *with the mental culpability required for the commission of the crime,* the defendant, Coley, being actually present, aided and assisted the defendant Hampton" (italics mine), therefore there was a "failure

of proof" against the defendant Hampton. But the Penal Law recognizes the possibility of "aid" that involves a much lesser degree of mental culpability (e.g., criminal facilitation in the fourth degree, Penal Law, § 115.00). When *People v Munroe* (190 NY 435, *supra*) was decided, and until the adoption of the present Penal Law, the corresponding provision of the statute was "aided by an *accomplice* actually present". (See Penal Law, former § 2124, subd 2.) Surely there must be a difference between "another person actually present" and "an accomplice actually present." In fact, the codefendant Coley's attorney actually argued to the jury the lack of the necessary mental culpability on the part of the codefendant Coley. He said: "It is for you to determine * * * (2) whether or not he intentionally, knowingly, blocked the way of Mr. Kaufman's escape. Not only did he have to have done that, but he had to have done that knowing that the first person who was going to rob that individual, knowing that that person was robbing that person, Mr. Kaufman, and furthermore, blocking that way in an attempt to help and aid in the commission of that robbery." He argued that there was a reasonable doubt as to whether the "second individual" had any "foreknowledge" or "forewarning" of what the active perpetrator was doing or going to do. (c) *"Aided"; Robbery III:* A jury could have a reasonable doubt as to whether the second person in fact "aided" the active perpetrator. Codefendant Coley's attorney argued this point, saying there was a reasonable doubt as to whether the second person was guilty of more than mere presence in the wrong place at the wrong time. In the present case, this point is not very significant because the absence of such aid would reduce the crime to robbery in the third degree, and the District Attorney objected to the submission of robbery in the third degree as a lesser included offense; and the court did not submit it. We can only speculate as to which of these possible objections to the codefendant Coley's guilt the jury had a reasonable doubt about. What is not a matter of speculation is that the jury had no reasonable doubt as to defendant Hampton's guilt; they clearly found him guilty. The trial court's difficulty seems to have been related largely to the form of the indictment which charged that the defendants Hampton and Coley "acting in concert with each other", forcibly stole property from the victim while aided "by each other" actually present. But as to Hampton neither of these quoted allegations is essential; the "acting in concert" allegation is superfluous; and the identification of Coley as the second perpetrator is immaterial. Thus the jury could convict Hampton and acquit Coley if it had a reasonable doubt *either* whether the second perpetrator was in fact Coley *or* whether Coley's mental culpability was sufficient for acting in concert so as to come within section 20.00 of the Penal Law. The indictment clearly charges each defendant — and particularly defendant Hampton — with committing the crime of robbery in the second degree on a particular occasion against a particular victim and while aided by another person actually present. (See CPL 200.50, subds 6, 7.) Finally, a new trial as to defendant Hampton will not be rendered futile because of conclusiveness of the verdict in favor of the codefendant Coley. Obviously the Court of Appeals did not think so in *People v Munroe* (190 NY 435, *supra*); it ordered a new trial. In *People v Simon* (218 App Div 363, 366), the court held that the acquittal of a codefendant at an earlier trial did not bar the conviction of the defendant "aided by an accomplice actually present," even though the indictment named the defendant and the codefendant and alleged " 'all defendants being actually present, at the time and each aiding the other.' " (Accord *People v Mann,* 61 Misc 2d 107, *supra.*) The jury having on satisfactory evidence found the defendant Hampton guilty, there was no basis for directing or recording a verdict of not guilty.