(February 7, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. REDDY, Also Known as STEPHEN S. REDDY, Appellant. — Weiss, J. Appeals (1) from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 3, 1983, upon a verdict convicting defendant of the crime of attempted robbery in the third degree, and (2) by permission, from an order of said court, entered December 16, 1983, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant and his companions, Joseph Whalen and Gregory Smoot, were charged in a three-count indictment with grand

larceny in the first degree, unlawful imprisonment in the first degree and attempted robbery in the first degree as a result of their attempts to obtain money from one Larry Holbrook (*see, People v Whalen,* 99 AD2d 883). Defendant was tried and convicted of attempted robbery in the third degree as a lesser included offense and was sentenced as a second felony offender to 2 to 4 years in prison. Thereafter, defendant's CPL 440.10 motion to vacate the judgment was denied without a hearing. Defendant presently appeals the judgment of conviction and, by permission of this court, also appeals from the denial of his postjudgment motion.

Defendant urges that County Court erred in denying his motion to vacate the judgment of conviction without the benefit of a hearing (*see, People v Session,* 34 NY2d 254, 256; *People v Pittman,* 50 AD2d 721). He contends that he was without legal counsel during the period following the preliminary hearing on November 17, 1981 until his arraignment on the indictment on February 22, 1982, as a result of which he was not informed of his right to appear before the Grand Jury (*see, People v Matay,* 82 AD2d 867). Additionally, defendant contends that he was denied the effective assistance of counsel during trial. County Court dismissed the motion without a hearing. Holding that there was no reasonable possibility that the allegations in defendant's supporting affidavit were true (CPL 440.30 [4] [d]).

There is little question that defendant was entitled to appear before the Grand Jury (CPL 190.50 [5] [a]). Denial of this right invalidates an indictment (CPL 190.50 [5] [c]; 210.20; 210.35). However, a waiver of that issue occurs unless a motion to dismiss the indictment on that ground is made no later than five days after arraignment on the indictment (CPL 190.50 [5] [c]; *People ex rel. Hunter v Patterson,* 55 AD2d 693, 694; *People v Washington,* 42 AD2d 677, 678). Accepting, arguendo, defendant's contention that he was without counsel for a period of time, he did have counsel at arraignment on the indictment and yet failed to raise the issue until his March 24, 1982 omnibus motion, approximately one month later. It is clear that the objection was untimely and therefore deemed waived (CPL 190.50 [5] [c]). Since the remaining contentions of ineffective trial counsel are before us on the appeal from the judgment of conviction, we find it unnecessary to pass upon the summary denial of the motion (CPL 440.10 [2] [b]; 440.30 [4] [d]).

Defendant urges that the trial evidence was insufficient to establish each element of attempted robbery. As noted in the companion case of *People v Whalen* (*supra*), "[b]y acquitting the codefendants of aiding another * * * the jury determined that no

defendant aided another in the commission of the crime (*People v Hampton,* 92 AD2d 490; *People v Fallon,* 78 AD2d 659, 660)" (*supra,* at p 884). It necessarily follows that the accomplice liability theory upon which the three codefendants were indicted would not support the present conviction. Here, however, County Court also submitted robbery in the third degree as a lesser included offense (*cf. People v Munroe,* 190 NY 435; *People v Fallon, supra*). To support a conviction on this basis, it was necessary to establish that defendant intended to forcibly steal property from Holbrook and engaged in conduct which tended to effect the commission of such crime, to wit: the use or immediate threat or use of physical force against Holbrook for the purpose of compelling the delivery of money or property (Penal Law §§ 110.00, 160.05).

A careful review of the evidence in a light most favorable to the People (*see, People v Kennedy,* 47 NY2d 196, 203) establishes that both Whalen and defendant demanded payment from Holbrook on November 12, 1981. There was testimony that Holbrook apparently owed defendant for a tatoo given approximately one month earlier. Holbrook testified that he felt threatened by defendant during the November 12, 1981 encounter, apparently due to the latter's reputation for previous criminal activity. While the attempted robbery conviction arises out of the events of November 13, 1981, when defendant and the others returned to Holbrook's residence to collect the balance on the debt, the encounter of the previous day bears significantly on the purpose of their return. Upon arrival, Whalen entered the residence and demanded payment. After Holbrook said he had no money, Whalen told him to get his shoes on and then summoned defendant and Smoot into the house. As Whalen attempted to strike Holbrook with his fist and to stomp on his toes after receiving negative responses, the police officers who had concealed themselves apprehended Whalen (*see, People v Whalen, supra,* p 884).

The issue distills to whether defendant's actions tended to effect the commission of the crime. During this encounter, Holbrook conceded on cross-examination that defendant did not take any affirmative steps to restrain or coerce him. Despite Holbrook's concession, the jury could reasonably infer from all the attendant circumstances that defendant entered the house for the express purpose of compelling payment from Holbrook. This was not merely a social call. When defendant entered the house, he knew Holbrook had refused payment. The police intervention prior to the completion of a robbery did not dissipate the readily apparent purpose of defendant's entry. Although mere presence at the scene of a crime with knowledge of

its perpetration does not render the observer accessorily liable therefor (*see, People v Reyes,* 82 AD2d 925), defendant's very presence under the circumstances was sufficient to create an immediate threat of harm to Holbrook. Defendant's conduct was sufficient to " 'carry the project forward within dangerous proximity to the criminal end to be attained' " (*People v Bracey,* 41 NY2d 296, 300, quoting *People v Werblow,* 241 NY 55, 61; *cf. People v Rizzo,* 246 NY 334). Under all the circumstances, the jury could find that defendant entered the Holbrook residence intending to perpetrate a robbery. There is ample evidence to support the jury's verdict (*see, People v Bracey, supra; People v Eddy,* 95 AD2d 956).

Nor can we agree that Smoot's acquittal renders the verdict against defendant repugnant. Although the behavior of both was similar, Smoot, unlike defendant, did not demand money from Holbrook. Irrespective of Smoot's acquittal, the evidence in the record supports the verdict against defendant (*see, People v Cohen,* 223 NY 406, 429).

Finally, we have considered defendant's contention of inadequate representation and conclude that, although certain errors were made by his counsel, defendant failed to establish that he was inadequately or incompetently represented under the standard in both *People v Baldi* (54 NY2d 137) and *Strickland v Washington* (466 US __, __, 104 S Ct 2052, 2064) (*see, People v Ploss,* 105 AD2d 1031). Considered in its entirety, the record establishes meaningful and effective representation (*People v Lundy,* 104 AD2d 384; *People v Davis,* 96 AD2d 680, 681-682).

Judgment and order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.