■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LABOUNTY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of rape in the first degree (Penal Law § 130.35 [1]) and unlawful imprisonment in the first degree (Penal Law § 135.10). On appeal defendant contends that the destruction by the police of certain exculpatory physical evidence seized from his room denied him a fair trial *(Brady v Maryland,* 373 US 83). We disagree. The destruction of evidence occurred only after this indictment was dismissed by the trial court, but prior to its reinstatement by this court *(People v LaBounty,* 104 AD2d 202). The exculpatory potential of this evidence being purely speculative, its destruction by the police does not violate the *Brady* rule *(People v Briggs,* 81 AD2d 1017). No constitutional error occurred as there was no reasonable probability that, had the evidence been provided to the defense, the results of the trial would have been different *(People v Chin,* 67 NY2d 22, 33). Defendant also asserts that the trial court should have granted his motion to dismiss the indictment because he was denied his statutory right to testify before the Grand Jury. Having waited approximately four months after the indictment was reinstated before making this motion, defendant has waived his objection (CPL 190.50 [5] [c]; *People v Reddy,* 108 AD2d 945, 946). Further, the prosecutor had no duty to inform the defendant of his right to testify before the Grand Jury, as he was not arraigned in a local criminal court upon the complaint (CPL 190.50 [5] [a]).

Defendant also has failed to provide a proper affidavit of service or other credible proof that he gave written notice to the District Attorney's office of his desire to testify before the Grand Jury. Defendant further contends he was denied a fair trial by the prosecutor's misconduct in his summation and by the court's charge. No objection having been raised to any of these alleged errors, they have not been preserved for our review as a matter of law and reversal is not required in the interests of justice (see, e.g., People v Dawson, 50 NY2d 311, 324; People v Thomas, 50 NY2d 467).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—rape, first degree, and another offense.) Present—Doerr, J. P., Denman, Boomer, Balio and Lawton, JJ.