■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY HICKS, Appellant.—Judgment unanimously modified on the law and as a matter of discretion in the interest of justice, and as modified affirmed, in accordance with the following memorandum: Defendant expressed dissatisfaction to the trial court over perceived inadequacies of his trial counsel but the record shows that he requested a prompt trial date, not a substitution of counsel. The trial was held shortly thereafter. We do not find that defendant was deprived of meaningful representation at trial (see, People v Baldi, 54 NY2d 137, 147), but we note with concern that all of defendant's pretrial motions were made *pro se* in this case. On this record no prejudice to defendant appears as a result of that. However, we hold that the jury's verdict on the first count was repugnant because defendant was convicted of forcibly stealing property, aided by another person actually present (Penal Law § 160.10 [1]), while the codefendant was found not guilty of this charge and was convicted of the lesser included charge of robbery in the third degree. The essence of the first count is that they were aiding each other, so that either both were guilty or neither was (see, People v Munroe, 190 NY 435; People v Fallon, 78 AD2d 659; see also, People v Hampton, 61 NY2d 963, affg 92 AD2d 490). Accordingly, defendant's conviction under count one must be reversed and the sentence vacated thereon. We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, second degree, and criminal mischief, third degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.