■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PALMER, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the jury's verdict was repugnant and that his conviction must be reversed. We disagree. Defendant was convicted of robbery in the second degree (Penal Law § 160.10 [1]), forcibly stealing property while aided by another person actually present, while his codefendant was acquitted of this charge. This verdict would be repugnant if defendant and codefendant were the only individuals involved in the robbery *(People v Hicks,* 134 AD2d 909). Because the proof establishes that defendant may have been aided by one other than the codefendant in this robbery, the verdict is not defective *(see, People v Munroe,* 190 NY 435; *cf., People v Hampton,* 92 AD2d 490, 491-492, *affd* 61 NY2d 963). Additionally, the court charged that defendant was guilty of robbery, second degree, if aided by another actually present without specifying the codefendant.

The repugnancy of a verdict is determined by reviewing the language of the court's charge, not its correctness. Based on this charge, no inherent contradiction is seen in the verdict *(People v Hampton,* 61 NY2d 963, *affg* 92 AD2d 490, *supra).*

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—robbery, second degree.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.