THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE GILBERT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant waived any claim that he did not receive proper notice of the Grand Jury proceedings when he failed to move for dismissal of the indictment within five days of arraignment (CPL 190.50 [5] [c]; People v LaBounty, 127 AD2d 989; People v Reddy, 108 AD2d 945). Moreover, defendant forfeited his right to appellate review of that issue by pleading guilty (People v Ferrara, 99 AD2d 257).

We reject the claim that defense counsel was ineffective because he failed to move to dismiss the indictment upon the ground of improper notice. Defendant was not arraigned in a local criminal court and therefore the People had no statutory duty to give notice of the Grand Jury proceedings (CPL 190.50 [5] [a]; People v LaBounty, supra). Under the circumstances, the motion, if made, would not have been successful. The

People did give defendant notice of the Grand Jury proceedings, but the notice failed to indicate all of the crimes that would be charged. Defense counsel was aware that his client had received that notice and, at arraignment, noted the claimed impropriety for the record. Counsel did move to dismiss the indictment for evidentiary insufficiency, and there is no claim that defendant had the desire to appear before the Grand Jury. We cannot conclude that the mere failure to challenge the sufficiency of the People's notice amounted to a lack of meaningful representation (see, People v Torrence, 135 AD2d 1075). (Appeal from judgment of Onondaga County Court, Cunningham, J.—burglary, first degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.