1176

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WOODS, Appellant.—Judgment unanimously affirmed. Memorandum: It was proper for the prosecutor to fail to disclose the names of two suspects. Defendant failed to establish that their identity was potentially exculpatory *(see, Brady v Maryland,* 373 US 83, 87; *People v Andre W.,* 44 NY2d 179, 184; *People v LaBounty,* 127 AD2d 989, *lv denied* 69 NY2d 1005). Further, it was proper for the prosecutor to elicit testimony about defendant's fingerprints. Defendant's fingerprint card was not in evidence, nor was defendant's prior criminal history referred to in any way *(cf., People v Balone,* 52 AD2d 216). Although it was improper for the prosecutor to elicit identification testimony, the error was harmless. There was overwhelming proof of defendant's guilt and no significant probability that the jury would have acquitted the defendant but for the error *(see, People v Crimmins,* 36 NY2d 230). The verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495) and the sentence was not harsh and excessive *(see, People v Farrar,* 52 NY2d 302). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, first degree.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.

■ BERNARD DOBRANSKI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66122.)—Judgment unanimously affirmed without costs. Memorandum: We agree with the trial court that the claim herein must be dismissed. We find that the State did not negligently expose plaintiff to unsafe levels of asbestos. The undisputed testimony showed that the State provided the inmate workers with cloth or paper masks, gloves and coveralls. Claimant conceded that he wore a mask on all but the first two days on the job. The State stopped work on the job in order to conduct tests to determine asbestos levels. According to that study, performed in November 1981, asbestos levels were within then-prevailing exposure limits. In particular the study concluded that asbestos fiber concentrations at the jobsite were less than .015 fibers per cubic centimeters of air, less than 1% of the exposure limit then permitted by OSHA. Based on that evidence, which was the only proof submitted on acceptable levels, the State did not breach its duty to provide claimant with a safe place to work. (Appeal from judgment of Court of Claims, Quigley, J.—negligence ) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.