■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON TUCKER, Appellant.—Appeal from a judgment of the Albany County Court, rendered May 19, 1976, upon a verdict convicting defendant of robbery in the second degree (Penal Law, § 160.10, subd 1). At about 12:30 P.M. on February 19, 1976, the defendant and a female companion, Joyce Ann Miller, entered the Armadillo Clothing Store on Washington Avenue in the City of Albany and began looking at men's suits on a rack only 10 feet from the cashier's post where the People's principal witness, Miss Guillet, was standing. When their actions became suspicious, Miss Guillet moved toward them and asked that they stop handling the clothes. Thereupon, the defendant struck Miss Guillet in the face and punched a male employee who came to Miss Guillet's aid. He and his female companion fled with 14 suits, only to be apprehended shortly thereafter. Within three hours of these events, Miss Guillet went to the detective's office at the Albany Police Department and identified defendant Tucker after being shown a tray of 67 photographs of young Black males. After trial, the jury convicted defendant Tucker of second degree robbery (Penal Law, § 160.10, subd 1) and the court ordered a mistrial as to his female companion when the jury could not agree as to her guilt or innocence. Defendant contends that the station house identification was impermissibly suggestive and irreparably tainted Guillet's subsequent in-court identification because Detective Gallante deliberately inserted defendant's photograph in the array after he had been advised by Miss Guillet that the name of Leon Tucker had been mentioned at the store after the robbery, although she stated that she did not know Tucker. Defendant also argues that since the name of each Black male was on the reverse side of his photograph, Miss Guillet could and most likely did identify defendant by relating the name to the photograph. Defendant Tucker, in a supplementary *pro se* brief filed with permission of this court, raises the question of whether one charged with second degree robbery can be convicted of the same when a codefendant is acquitted or, as here, a mistrial is declared as to the codefendant. This contention is premised on the language of subdivision 1 of section 160.10 of the Penal Law which states "A person is guilty of robbery in the second degree when he forcibly steals property and when: 1. He is aided by another person actually present". Both contentions must be rejected. Since both Miss Guillet and her male coemployee, Mr. Yund, had ample opportunity to observe the defendant Tucker at the time of the robbery, their in-court identifications must be afforded that degree of invulnerability needed to establish that such identifications had a sufficient basis independent of and untainted by the alleged suggestive station house identification by Miss Guillet *(People v Ramos,* 42 NY2d 834; *People v Kruk,* 52 AD2d 969). Next, under the statute (Penal Law, § 160.10, subd 1) it is sufficient for conviction to prove that somebody was present and aiding when a named defendant forcibly steals property, without necessarily identifying such other person. In fact, in a joint trial, as here, it is factually and legally possible to find only one defendant guilty of second degree robbery

while acquitting the other *(People v Mann,* 61 Misc 2d 107; see *People ex rel. Guido v Calkins,* 9 NY2d 77, 81). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.