OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of robbery in the second degree (Penal Law § 160.10 [1]) and assault in the second degree (Penal Law § 120.05 [6]). Defendant argues that, because the jury acquitted his codefendant of the robbery as an accomplice pursuant to Penal Law § 20.00, the verdict is repugnant. He contends that the jury necessarily made the contradictory findings that, in committing the robbery, the defendant was "aided by another person actually present” and that, for accomplice liability purposes, the codefendant, the other person present, did not aid him.
*1008 A determination of whether a verdict is repugnant is based solely on a review of the trial court’s charge regardless of its accuracy (see, People v Hampton, 61 NY2d 963, 964; People v Tucker, 55 NY2d 1, 7). An examination of the instructions given to the jury here reveals that the trial court, in defining the phrase "aided by another person actually present” for purposes of Penal Law § 160.10 (1), did not instruct the jury that the actions and mental state of the other person had to be sufficient to convict that person as an accomplice under Penal Law § 20.00. Accordingly, we conclude that the jury’s verdict was not inherently contradictory (cf, People v Hampton, supra). We note, however, that the Appellate Division erroneously viewed the verdicts as not being repugnant both by going beyond the elements of the crimes as charged and by making a factual analysis of the evidence (People v Tucker, supra, at 4).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.