■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN HARRISON, Also Known as ANTWAR HARRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered November 28, 1986, convicting him of robbery in the second degree, criminal possession of stolen property in the third degree, unauthorized use of vehicle in the first degree, unlawful possession of a weapon in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). It was established at trial that the defendant, during the course of the robbery, restrained the complainant in an apartment, stole the complainant's gold necklace, illegally used the complainant's car, and possessed a weapon.

The defendant's failure to assert his claim prior to the discharge of the jury that the verdict convicting him but acquitting his codefendants is repugnant renders that claim unpreserved for this court's review (see, CPL 470.05 [2]; People v Alfaro, 66 NY2d 985; People v Satloff, 56 NY2d 745, rearg denied 57 NY2d 674). The claim is, in any event, without merit as the jury was instructed to consider the evidence separately as to each defendant and to consider the guilt or innocence of each defendant separately and independently. While the trial court also charged the jury, in essence, that an element of each crime was that the defendants each aided the other, one may aid in the commission of a crime without having the mental culpability necessary to be guilty of that

crime as an accomplice *(see,* Penal Law § 115.00 [1]; *People v Green,* 126 AD2d 105, 109, *affd* 71 NY2d 1006). Moreover, the trial court did not instruct the jury that all of the defendants had to be found guilty or none could be *(cf., People v Hampton,* 92 AD2d 490, *affd* 61 NY2d 963). The subsequent verdict which acquitted the codefendants was not inconsistent when viewed in the context of the court's charge *(see, People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039) and, accordingly, was not repugnant.

Contrary to the defendant's assertions, we find no support in the record to substantiate his claim that he was deprived of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

Finally, given the fact that the sentencing court gave extensive consideration to the defendant's circumstances, we conclude that the sentences imposed were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.