■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BROOKS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of assault in the second degree, defendant contends that the verdict was against the weight of the evidence and that the conviction of assault was repugnant to defendant's acquittal on two counts of robbery. Defendant's claims have no merit. The proof established that defendant struck the victim numerous times with a baseball bat and metal pipe, breaking his wrists and ankle. The proof was thus sufficient to support the jury's finding that it was defendant's conscious objective to impair the victim's physical condition or cause him substantial pain (see, Penal Law § 10.00 [9]; § 15.05 [1]; § 120.05 [2]). Defendant's proof that the attack was motivated by a desire for revenge or to recover money lost in a scam does not refute the proof that defendant intentionally injured the victim. Defendant's subsequent expression of regret for injuring the victim is irrelevant on the issue of defendant's intent at the time of the assault. Finally, the jury was entitled to reject the defense evidence that defendant beat the victim after the victim attacked him with a knife or razor. This is not a case in which "it appears that the trier of fact has failed to give the evidence the weight it should be accorded" (People v Bleakley, 69 NY2d 490, 495).

With respect to defendant's repugnancy claim, defendant did not object to the verdict or otherwise raise the claim prior to discharge of the jury and thus has not preserved the issue for review (see, People v Satloff, 56 NY2d 745, 746; People v Stahl, 53 NY2d 1048, 1050). In any event, review of the elements of each crime as charged to the jury (see, People v Green, 71 NY2d 1006, 1008; People v Tucker, 55 NY2d 1, 7) reveals that the elements of first and second degree robbery do not overlap those of second degree assault; therefore, acquittal on the robbery counts does not require acquittal on the assault counts (compare, Penal Law § 120.05 [2], with Penal Law § 160.10 [2] [a]; § 160.15 [3]). (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—assault, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.