■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE HOPKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered May 18, 1988, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of December 14, 1986, an Odd Lot Trading Store on Fulton Street in Brooklyn was burglarized. The defendant was charged with burglary in the second degree, petit larceny, criminal mischief in the fourth degree and criminal possession of a weapon in the fourth degree. After the jury had deliberated for almost two days, the defendant was found guilty of burglary in the second degree and petit larceny and was acquitted of criminal mischief in the fourth degree. The jury could not reach a verdict as to the charge of criminal possession of a weapon in the fourth degree. The court accepted the partial verdict and declared a mistrial as to the weapon possession count.

We find that the partial verdict was not repugnant *(see, People v Green,* 71 NY2d 1006, *affg* 126 AD2d 105). The jury's determination of the defendant's guilt of burglary in the second degree is not inconsistent with its inability to unani-

mously decide his guilt as to criminal possession of a weapon in the fourth degree *(see, People v Johnson,* 70 NY2d 819).

Further, the court did not err in declining to order the jury to resume its deliberations as the jury had already extensively deliberated and it was highly improbable that it would ultimately agree with respect to the charge of criminal possession of a weapon in the fourth degree *(see,* CPL 310.70; *see also, Matter of Tuite v Shaw,* 49 AD2d 737). Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.