█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON BROWN, Appellant.—

The defendant was arrested in connection with the robbery of three drug dealers and the shooting of one and was subsequently identified in a lineup by one of the victims. At the

time of his arrest, the defendant was wearing a watch which allegedly belonged to one of the robbery victims. Following a hearing, the court denied the defendant's motion to suppress identification testimony and evidence of the watch. The defendant argues on appeal, for the first time, that this evidence should have been suppressed on the ground that his arrest was illegal under *Payton v New York* (445 US 573). The defendant's failure to raise the *Payton* issue at the hearing precludes appellate review. The People were deprived of an opportunity to present proof on the issue, and the resulting record is inadequate for review *(see, People v Martin,* 50 NY2d 1029; *People v Rodriguez,* 148 AD2d 759).

The defendant's contention that the police employed improper procedures at the lineup in which he participated is not supported by the record. The defendant also seeks to challenge as suggestive the separate lineup in which the witnesses viewed his codefendant. We find no basis in this record to depart from the general rule that the constitutional rights implicated in criminal proceedings are personal rights which cannot be vicariously asserted *(see, Rakas v Illinois,* 439 US 128; *United States v Wade,* 388 US 218; *People v Wesley,* 73 NY2d 351).

The defendant was acquitted of attempted murder in the second degree in connection with the shooting of one of the robbery victims although his codefendant was convicted of that charge. The defendant contends that these verdicts are repugnant. In addition, the defendant contends that his acquittal of attempted murder is repugnant to the verdicts convicting him of the robbery charges and of assault in the first degree in connection with the same shooting. These contentions are without merit. The jury was instructed to consider the evidence separately as to each of the defendants and that acting in concert did not necessarily mean equal participation in all the alleged criminal conduct *(see, People v Green,* 71 NY2d 1006; *People v Harrison,* 141 AD2d 842). Furthermore, a verdict is repugnant if, upon review of the elements of the crimes as charged to the jury, the acquittal of one crime is conclusive as to a necessary element of the other crime *(see, People v Tucker,* 55 NY2d 1; *People v Olcan,* 143 AD2d 369). Here the verdict acquitting the defendant of attempted murder is not conclusive as to the necessary elements of the remaining charges of assault in the first degree, robbery in the first degree and criminal possession of a weapon in the second degree for which he was convicted.

The defendant contends that certain rulings and comments

by the court deprived him of a fair trial. We find that any errors were harmless. The defendant failed to object to the prosecutor's summation remarks, therefore any issue as to the propriety of the summation is not preserved for appellate review (see, People v Medina, 53 NY2d 951; CPL 470.05 [2]). Finally, we find that the sentence imposed is not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.