■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NAWROCKI, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant was charged, in each of two separate indictments, with forgery in the second degree (Penal Law § 170.10 [1]), criminal impersonation in the second degree (Penal Law § 190.25 [1]) and petit larceny (Penal Law § 155.25). The indictments were consolidated for trial. Under the first indictment (No. 88-064), he was accused of using a credit card slip imprinted with the MasterCard number of another customer in order to purchase merchandise from Zayre's department store in Lockport. Under the second indictment (No. 88-064A), defendant was accused of using his brother's name, Social Security number, address and employment status when he applied for, and received, a loan from the Certified Finance Company in Lockport.

Defendant was convicted on all counts under indictment No. 88-064 (Zayre's). There are no issues of merit raised on appeal with respect to those convictions and thus the convictions obtained under that indictment must be affirmed.

The jury also found defendant guilty of forgery and criminal impersonation under indictment No. 88-064A (Certified Finance), but found him not guilty on the petit larceny count of that indictment. We agree with defendant's argument that his convictions of forgery and criminal impersonation are inconsistent with his acquittal on the petit larceny count.

In reviewing a claim of inconsistency or repugnancy, the charge to the jury must be examined without regard to its accuracy *(see, People v Green,* 71 NY2d 1006, 1008). A verdict is repugnant "where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" *(People v Tucker,* 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039). The jury was instructed to consider the charge of petit larceny under a theory of larceny by false promise (Penal Law § 155.05 [2] [d]). A person commits larceny by false promise

when, "pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he * * * will in the future engage in particular conduct, and when he does not intend to engage in such conduct" (Penal Law § 155.05 [2] [d]).

The court further instructed the jury that intent to defraud was common to all three counts of the indictment. More specifically, the court charged that the People were required to prove that at the time "defendant received the loan from Certified * * * he did not intend to pay for that. And that's what would make it a forgery, a criminal impersonation and a larceny." The latter portion of the charge, except as it applies to the larceny count, is, of course, erroneous.

The jury was also instructed that it must "exclude to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed. And that applies to every count of the indictment." The latter portion of that charge is also, of course, erroneous.

In returning a verdict of not guilty on the petit larceny count, the jury implicitly found that there was a lack of evidence demonstrating an intent on the part of defendant not to repay Certified Finance Company. Applying the charge as given, the jury could not, with consistency, find defendant guilty of forgery and criminal impersonation. The convictions on those counts of indictment No. 88-064A must be reversed and that indictment must be dismissed. (Appeal from judgment of Niagara County Court, Hannigan, J.—forgery, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.