(June 13, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT DUPREY, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Montgomery County (Aison, J.), rendered February 23, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree, and (2) by permission, from an order of said court, entered June 7, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

In January 1987, defendant, a passenger in a vehicle stopped by the State Police for speeding on the Thruway in the Town of Glen, Montgomery County, was arrested after a search of the vehicle revealed a brown bag containing cocaine. Defendant was subsequently indicted for criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the seventh degree. Following a suppression hearing, defendant's motion to suppress the evidence seized from the car was denied. Defendant then pleaded guilty to criminal possession of a controlled substance in the second degree in full satisfaction of the indictment. After sentencing, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that, *inter alia,* he was not provided with the preliminary hearing testimony of one of the arresting officers, Trooper Octavio Santiago. These appeals followed from the order denying that motion and from the judgment of conviction.

Initially, we reject defendant's contention on this appeal

that the People were required to make the Grand Jury testimony of Santiago available to him as *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) prior to the suppression hearing. Where, as here, no request is made for such testimony pursuant to CPL 240.44, no legal error may be claimed. The People's burden to supply *Rosario* material is of course different at trial *(see,* CPL 240.45; *People v Ranghelle,* 69 NY2d 56).

Equally unavailing is defendant's assertion that the People's failure to make available Santiago's preliminary hearing testimony constituted a violation of his right to *Brady* material *(see, Brady v Maryland,* 373 US 83). While defendant claims that Santiago's testimony at the preliminary hearing was inconsistent with his testimony given at the suppression hearing and that it was, thus, exculpatory, we cannot conclude that the failure to supply the earlier testimony should be charged to the People. Defendant, who was present at the preliminary hearing, was aware of Santiago's inconsistent testimony and had equal access to such testimony. Thus, the People should not have an obligation to provide it to defendant *(see, e.g., People v Grissom,* 128 Misc 2d 246, 247).

Finally, defendant's contention that the physical evidence was seized from the car as the result of an illegal stop based upon a "drug courier profile" is wholly unsupported by the record. Santiago testified that he and his partner pursued and stopped the vehicle after it was determined, through the use of radar, that it was traveling at an excessive speed of 65 miles per hour. Thereafter, the operator consented to the search of the car. In view of the foregoing undisputed testimony, defendant's argument must fail.

Casey, J. P., Weiss, Mikoll and Crew III, JJ., concur. Ordered that the judgment and order are affirmed.