■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMPSON, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered November 16, 1989, convicting defendant, after trial by jury, of two counts of

robbery in the second degree and one count of criminal impersonation in the first degree, and sentencing him, as a predicate felony offender, to concurrent, indeterminate prison terms of 4 to 8 years on each of the second degree robbery counts and 2 to 4 years on the criminal impersonation count, unanimously affirmed.

Defendant contends that the trial evidence was insufficient to convict him of robbery, either on the theory that defendant displayed an object that appeared to be a firearm (Penal Law § 160.10 [2] [b]), or on the theory that defendant was aided by another person actually present (Penal Law § 160.10 [1]). We find both theories to have been satisfactorily established at trial. The complainant testified that defendant approached him near 129th Street and 5th Avenue, "flashed" an identification card, and demanded the complainant's camera, threatening to take the complainant to the "precinct." When this ruse failed, a struggle ensued, during which three unapprehended individuals approached. One of these individuals held a baseball bat in a threatening manner, and spoke to the defendant, saying, "Reds, do you want me to get him?" The complainant, now fearful, let go of the camera. As the three men watched, defendant went behind a car, fished in his bike pack, and removed an object with which he threatened to "pop" the complainant, at which point the complainant fled.

Consistent with the requirements of *People v Baskerville* (60 NY2d 374), the evidence showed that the defendant consciously displayed an object that could reasonably be perceived as a firearm *(see also, People v Mercado,* 148 AD2d 365, *lv denied* 73 NY2d 1018). Further, the participation of the unidentified co-actor with the baseball bat was unequivocally intended to aid the defendant in stealing the camera from the complainant, and in fact accomplished that result. For this same reason, there is no merit to the defendant's unpreserved argument that a reasonable view of the evidence supports the inference that the defendant obtained the camera without the aid of this additional person, which would have supported a charge of third degree robbery as a lesser included offense.

The defendant's argument that the Trial Judge received improper bolstering testimony by the police witness is unpreserved by any objection to the testimony in question. Were we to reach the argument in the interest of justice, we would find it to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.