■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY COLLADO, Also Known as BIENVENIDO COLLADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered February 28, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY COLLADO, Also Known as BIENVENIDO COLLADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 26, 1990, convicting him of robbery in the first degree, robbery in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Further, the jury verdict convicting the defendant of robbery in the first degree and acquitting his codefendant of the same crime was not repugnant. The jury was instructed to consider the evidence separately as to each of the defendants (see, People v Brown, 158 AD2d 528; People v Harrison, 141 AD2d 842).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.