■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WRIGHT, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered December 19, 1990, convicting the defendant after a jury trial of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, unanimously modified, on the law, to reduce the judgment of conviction to one of robbery in the third degree, and the matter is remanded to the Supreme Court for resentencing.

Shortly after midnight on December 13, 1989, two plainclothes officers observed the defendant and a companion, Calvin Foster, roaming the Upper East Side of Manhattan acting suspiciously. For nearly an hour the officers trailed the two as they appeared to be stalking potential victims, several of whom entered buildings just before the two men caught up to them. Ultimately, as the defendant walked in tandem with Foster on opposite sides of Lexington Avenue, a 17-year old deliveryperson, Phillippe Sancez, approached the defendant to ask directions to a local address where he was to make a food delivery. As Sancez proceeded to his destination, the defendant hailed Foster, spoke with him briefly, and pointed to the building Sancez had just entered. Foster entered the building and robbed Sancez at knifepoint while the defendant stood across the street from the building for 10 to 20 seconds, looking up and down the street, and then moved up to 30 feet away for an additional 40 to 50 seconds, still looking up and

down the street, obviously acting as a lookout. Immediately after Foster ran out of the building the two were pursued and arrested.

We disagree with the defendant's contention that the court should have given a circumstantial evidence charge to the jury. The circumstantial evidence standard "does not apply to a situation where, as here, both direct and circumstantial evidence are employed to demonstrate a defendant's culpability" *(People v Barnes,* 50 NY2d 375, 380).

The judgment of conviction must nevertheless be modified. The defendant was found guilty of robbery in the second degree which, as applicable to the facts herein, required a finding that he acted in concert with Foster, who robbed Sancez while aided by the defendant who was "actually present" (Penal Law § 160.10 [1]). Actual presence, within the meaning of the statute, has been construed narrowly and requires more than a " 'theoretical' " or " 'constructive' " presence *(People v Hedgeman,* 70 NY2d 533, 538). There must at least be a showing that the defendant was "ready, willing or able to aid * * * in the forcible stealing" in order to raise the degree of offense from a D felony to a C *(supra,* at 543). The facts in this case did not satisfy the aforesaid test, and thus were only sufficient to establish the defendant's culpability for robbery in the third—as opposed to the second—degree *(cf., People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821). We so modify and remand for resentencing. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.