■ In the Matter of CARLOS V., a Person Alleged to be a Juvenile Delinquent, Appellant. [597 NYS2d 144] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Braslow, J.), dated September 17, 1991, which, upon a fact-finding order of the same court, dated July 25, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and, *inter alia,* placed him on probation for two years. The appeal brings up for review the fact-finding order dated July 25, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Prior to the fact-finding hearing, the appellant moved to dismiss the petition based on the presentment agency's failure to supply him with a transcript of the testimony given at the probable cause hearing by two witnesses who the presentment agency intended to call at the fact-finding hearing *(see,* Family Ct Act § 331.4 [1] [a]). We find no error in the Family Court's denial of the appellant's motion. Pursuant to the appellant's demand for the transcript, the presentment agency had ascertained that the court reporter who recorded the probable cause hearing was on an extended vacation in Alaska and that the minutes could not be transcribed in his absence. The presentment agency may not be charged with the failure to obtain a transcript which was clearly unavailable to it *(see,*

*People v Fishman,* 72 NY2d 884; *Matter of Eric W.,* 68 NY2d 633; *People v Jacome,* 145 AD2d 571). Moreover, because the appellant and his attorney were present at the probable cause hearing and were thus aware of the testimony given, he was afforded "a fair opportunity to use [the] witness[es]' prior relevant statements for impeachment purposes" *(People v Poole,* 48 NY2d 144, 150; *see, People v Rosario,* 9 NY2d 286; *People v Duprey,* 174 AD2d 835; *People v Grissom,* 128 Misc 2d 246).

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792; *People v Bracey,* 41 NY2d 296), we are satisfied that it was legally sufficient to establish the "aided by another * * * actually present" element of the charge of robbery in the second degree (Penal Law § 160.10 [1]). The evidence adduced at the fact-finding hearing reveals that after the appellant snatched a chain from the neck of a fellow bus passenger, one of three youths accompanying him tripped the victim as he tried to pursue the appellant. Contrary to the appellant's contention, the victim's inability to identify which youth stuck his leg into the bus aisle does not render the evidence legally insufficient *(see, People v Tucker,* 59 AD2d 953; *see also, People v Thompson,* 176 AD2d 138). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.