■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LETTERLOUGH, Appellant. [610 NYS2d 614] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered January 17, 1992, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction for robbery in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant and an accomplice were observed stealing merchandise from a J.C. Penney store. After leaving the store, they were met outside by a third accomplice, who was driving a Volkswagen automobile. The three accomplices were con-

fronted by security officers as they were preparing to make their escape. During the course of this encounter, all three accomplices exited from the vehicle; however, the defendant eventually re-entered the vehicle and drove off alone, striking one of the security officers. The defendant drove the Volkswagen to a distance of approximately 200 feet, at which point he stopped and was rejoined by his cohorts.

In light of the facts of this case, we are unanimous in agreeing that what began as a shoplifting became a robbery when, employing the Volkswagen as a weapon, the defendant used actual force against one of the security officers in order to prevent the recovery of the stolen property immediately after it had been taken (see, Penal Law § 160.00 [1]; *People v Santiago*, 62 AD2d 572, *affd* 48 NY2d 1023). We disagree with our dissenting colleague only with respect to whether there was legally and factually sufficient evidence to support the jury verdict finding that this force was applied with the aid and in the actual presence of the defendant's two accomplices, so as to elevate the crime to robbery in the second degree (see, Penal Law § 160.10 [1]).

As a matter of fact, if not as a matter of law, we cannot see how the defendant's two accomplices, who were standing to the side at the time that the defendant drove the Volkswagen into the security officer, were in any position "to render him aid during the actual commission of the robbery" *(People v Hedgeman,* 70 NY2d 533, 543). It is proof of the accomplices' actual presence and ability to render aid at the time of the application or threatened application of force that elevates the crime to robbery in the second degree (see, *People v Hedgeman, supra; see also, People v Wright,* 189 AD2d 612; *People v Lopez,* 156 AD2d 386; *People v Wearen,* 155 AD2d 889; *People v Williams,* 147 AD2d 515; *cf., People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821). We therefore vacate the defendant's conviction of robbery in the second degree.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien and Altman, JJ., concur.

Pizzuto, J., dissents, and votes to modify the judgment, by dismissing the charge of robbery in the third degree as a lesser included offense of robbery in the second degree, with the following memorandum: I disagree with the majority's conclusion that the defendant's two accomplices were not persons "actually present" within the meaning of Penal Law § 160.10 (1).

The record indicates that the defendant and a male accomplice removed merchandise from a department store without having paid therefor. The men then exited the store, trailed by several department store employees. Upon their exit, a vehicle drove up and stopped, and the defendant and his accomplice "quickly got in". One of the store's loss prevention officers thereupon approached the vehicle, told the defendant that he had department store merchandise, and instructed the vehicle's occupants to get out of the car. After the defendant and his two accomplices exited from the vehicle, there commenced "[a] lot of shouting back and forth". During this time, a security officer positioned himself immediately in front of the vehicle, the loss prevention officer positioned himself within 3 to 4 feet of the rear passenger side door, a stock clerk was standing "[n]ear the front passenger side", and a security jeep was positioned behind the vehicle. The defendant's accomplices were standing within 4 to 5 feet of the vehicle. In short, the record clearly evinces that all the relevant parties were arrayed immediately outside the vehicle and in close proximity to one another. Eventually, the verbal confrontation devolved into a forcible taking as the defendant entered the vehicle and, in driving away, struck the security officer with the vehicle. Upon this occurrence, the accomplices ran from the scene, re-entered the awaiting vehicle, and drove away.

Under these circumstances, the defendant's accomplices were "sufficiently close to [the] defendant to be available to render him aid during the actual commission of the robbery" *(People v Hedgeman,* 70 NY2d 533, 543). During the stand-off between the department store employees and the three perpetrators, it was entirely within the ability of either accomplice to render aid to the defendant in furtherance of the robbery. Surely, had the accomplices been so inclined, they could have joined in the defendant's use of force and thereby assisted in the forcible stealing. As such, the presence of the two accomplices "posed a sufficient threat of additional violence so as to satisfy the aggravating element necessary to raise the offense to second degree robbery" *(People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821, 822; *see also, People v Wilkerson,* 189 AD2d 592). Indeed, through their actual presence, the accomplices effectively placed the store personnel, including the injured security officer, "in a genuinely higher risk of danger and, concomitantly, a greater level of fear for their own safety" *(People v Hedgeman, supra,* at 542). Therefore, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), I find that the jury was presented

with facts sufficient to sustain a conviction for robbery in the second degree *(see,* Penal Law § 160.10).

To the extent that the majority relies upon precedential authority in rendering its contrary conclusion, I distinguish those cases based upon the manifest lack of spatial proximity between accomplice and victim which is evident therein *(cf., People v Hedgeman,* 70 NY2d 533, *supra; People v Wright,* 189 AD2d 612; *People v Lopez,* 156 AD2d 386; *People v Wearen,* 155 AD2d 889; *People v Williams,* 147 AD2d 515). In each of these cases, without exception, the victim and the accomplice were spatially separated by a vehicle or building, or both, at the time of the forcible stealing. Thus, the accomplices did not pose a sufficient threat of additional violence and, consequently, the victims did not experience a greater level of fear for their own safety by virtue of the accomplices' presence *(see, People v Hedgeman, supra; People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821, *supra).*

In light of the foregoing, I would affirm the defendant's conviction of robbery in the second degree and dismiss as an inclusory, concurrent offense his conviction of robbery in the third degree *(see,* CPL 300.40 [3] [b]; *People v Lee,* 39 NY2d 388; *People v Gamble,* 182 AD2d 638).