■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY REYNOLDS, Appellant. [658 NYS2d 596] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J., on speedy trial motion; Michael Obus, J., at suppression hearing, jury trial and sentencing), rendered November 15, 1993, convicting defendant of robbery in the second degree and grand larceny in the third and fourth degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, 3$^{1}$/$_{2}$ to 7 years, and 2 to 4 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The police officers' observation of defendant's placing his hand near the complainant's pants pocket, and then the complainant's grabbing of defendant's hand, followed by defendant's immediate flight with the complainant in pursuit, gave the officers

probable cause to believe defendant had just committed a crime (*see, People v Arthur*, 209 AD2d 175, *lv denied* 84 NY2d 1028).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Codefendant's participation in the robbery was supported by the evidence, as established by his conduct before, during and after the crime (*see, People v Johnson*, 226 AD2d 292, *appeals dismissed* 88 NY2d 1063; *People v Davis*, 186 AD2d 437, *lv denied* 81 NY2d 787), thereby satisfying the requirement that defendant be "aided by another person actually present." (Penal Law § 160.10 [1].)

There is no need to vacate defendant's conviction of grand larceny in the fourth degree pursuant to Penal Law § 155.30 (5). It was theoretically possible for defendant to commit grand larceny in the third degree without concomitantly committing grand larceny in the fourth degree "from the person of another" (*ibid.*), and the latter is therefore not a lesser included offense of the former (*see, People v Glover*, 57 NY2d 61).

The contested time periods relevant to defendant's CPL 30.30 speedy trial motion were properly excluded either as adjournments consented to by defendant in order to conduct plea negotiations (*see, People v Ali*, 195 AD2d 368, *lv denied* 82 NY2d 804), or defendant's own motion practice. Similarly, defendant's constitutional right to a speedy trial was not violated by the 16-month delay, caused in large part, by defendant's own motions and applications (*see, People v Newton*, 221 AD2d 167, *lv denied* 87 NY2d 923). Concur—Wallach, J. P., Nardelli, Rubin, Tom and Andrias, JJ.