■ The People of the State of New York, Respondent, v Ismail R. Coleman, Also Known as Muhammad A. Coleman, Appellant. [773 NYS2d 747]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 18, 2002, upon a verdict convicting defendant of the crimes of robbery in the second degree and criminal possession of stolen property in the fifth degree.

Following a jury trial, defendant was found guilty of robbery in the second degree pursuant to Penal Law § 160.10 (1) and criminal possession of stolen property in the fifth degree. He now appeals claiming, among other things, that the robbery conviction was legally insufficient and against the weight of the evidence. Upon our review of the trial evidence, we agree.

With respect to the robbery conviction, testimony at trial revealed the following. On the evening of June 13, 2001, defendant, along with three others, pulled up to an Albany County residence where several teenagers were talking outside. Three of the four, including defendant and Michael Deperna, remained outside talking, while the fourth went inside to see if his friend was home. Shortly after their arrival, Deperna got into an argument with one of the teenagers (hereinafter the victim) over perceived comments about Deperna's girlfriend. The exchange turned physical when Deperna grabbed the victim and pushed him back against the hood of a car. He released him after about 10 seconds, at which time the victim ran into the house. During this brief period when the victim was pinned against the car by Deperna, defendant walked over and ripped off his necklace and then refused demands by the victim's girlfriend to return it. After their fourth companion came out of the residence, the group left. The police were thereafter contacted by the victim.

To sustain a robbery in the second degree conviction under Penal Law § 160.10 (1), it must be established that one forcibly steals property and is "aided by another person actually present." The legislative history of this statute indicates that its motive was to impose a harsher penalty for a robbery committed by more than one person (see People v Hedgeman, 70 NY2d 533 [1987]; compare People v Fatal, 187 Misc 2d 334 [2001]). As defined by the Court of Appeals, the aggravating element of "aided by another person actually present" requires that such other person poses an additional risk of violence to a robbery victim by being sufficiently close and ready, willing and able to render aid (see People v Hedgeman, supra).

In this case, while there can be no doubt that Deperna was

"actually present" for defendant's impromptu snatching of the victim's necklace and clearly created the circumstances for the crime to occur by pinning the victim against the car, the element of being aided by another for the purpose of a joint robbery is simply lacking. The facts depict a spontaneous dispute between Deperna and the victim and a separate, equally spontaneous act of forcible stealing by defendant only (*see People v Letterlough*, 203 AD2d 589, 590 [1994], *appeal dismissed* 84 NY2d 862 [1994], *lv denied* 84 NY2d 908 [1994]). Said differently, the evidence in no way demonstrated that Deperna held the victim down so as to enable defendant to steal or that Deperna even knew that it was probable that his own assaultive conduct would prompt or assist defendant in committing his own crime against the victim.

There was no proof, direct or inferential, that defendant and Deperna pulled up to the subject premises with an intention to rob anyone (*compare People v Washington*, 283 AD2d 661 [2001]; *People v Casmento*, 155 AD2d 229 [1989], *lv denied* 75 NY2d 768 [1989]) nor was there any proof that Deperna developed an intent to rob or, more to the point, an intent to aid defendant in his act of forcible stealing during his brief altercation with the victim (*compare People v Casmento, supra*).[1] There was also no proof that Deperna offered any assistance in defendant's retention of the necklace (*compare Matter of Carlos V.*, 192 AD2d 711, 712 [1993]; *People v Clendinen*, 173 AD2d 366, 367 [1991], *lv denied* 80 NY2d 895 [1992]). Rather, the evidence merely established the elevation of a petty verbal exchange into a brief physical confrontation during which defendant took advantage of an easy opportunity to steal (*see People v Letterlough, supra*). Under these facts, we are unable to conclude that Deperna intended to aid defendant in the robbery (*see People v Harris*, 271 AD2d 258, 258-259 [2000], *lv denied* 95 NY2d 853 [2000]; *People v Graham*, 258 AD2d 387 [1999], *lv denied* 93 NY2d 899 [1999]; *People v Reynolds*, 240 AD2d 210, 211 [1997], *lv denied* 90 NY2d 897 [1997]; *People v Taylor*, 203 AD2d 77, 77-78 [1994], *lv denied* 83 NY2d 915 [1994]; *People v Thompson*, 176 AD2d 138, 139 [1991], *lv denied* 79 NY2d 833 [1991]; *People v Casmento, supra*) and, therefore, the aggravating element of being aided by another actually present was not satisfied.[2]

We reach this result cognizant of seeming differences among

1. The victim himself testified that Deperna did not say a word as he held him against the hood of the car.

2. Defendant was clearly guilty of robbery in the third degree for his conduct since he forcibly stole property from the victim (*see People v Hedgeman, supra* at 537).

the Appellate Divisions generally (*compare People v Palmer*, 135 AD2d 1103 [1987], *lv denied* 71 NY2d 900 [1988], *and People v Hicks*, 134 AD2d 909 [1987], *lv denied* 70 NY2d 956 [1988], *lv dismissed* 70 NY2d 1007 [1988], *and People v Hampton*, 92 AD2d 490, 491 [1983], *affd* 61 NY2d 963 [1984], *and People v Fallon*, 78 AD2d 659 [1980], *with People v Harrison*, 141 AD2d 842 [1988], *lv denied* 72 NY2d 1046 [1988]; *People v Green*, 126 AD2d 105 [1987], *affd* 71 NY2d 1006 [1988]), and this Court specifically (*compare People v St. Paul*, 3 AD3d 604 [2004], *and People v Brown*, 235 AD2d 589 [1997], *lv denied* 90 NY2d 855 [1997], *and People v Whalen*, 99 AD2d 883 [1984], *with People v Ward*, 107 AD2d 892 [1985], *and People v Tucker*, 59 AD2d 953 [1977]), on the somewhat related issue of whether a verdict convicting one defendant of robbery in the second degree is repugnant to a codefendant's acquittal of the same charge. In our view, however, the weight of the legal authority, coupled with the statute's legislative history, convince us that the elevation of robbery in the third degree to robbery in the second degree under Penal Law § 160.10 (1) mandates that the aggravating element of being aided by one actually present requires some evidence of a shared intent to forcibly steal (*see* Penal Law § 20.00) or, at the very least, evidence of an intent by the aider to provide assistance to one who forcibly steals (*see* Penal Law § 115.00; *see also People v Harris, supra*; *People v Graham, supra*; *People v Reynolds, supra*; *People v Taylor, supra*; *People v Thompson, supra*; *People v Casmento, supra*; *see also People v Crutchfield*, 149 AD2d 857 [1989], *lv denied* 74 NY2d 738 [1989]). Here, no such evidence exists. Even if defendant's conviction was based on legally sufficient evidence, we would nevertheless find that the verdict on this count was against the weight of the evidence (*see generally People v Alfaro*, 260 AD2d 495 [1999]).

As to defendant's remaining contentions in support of reversal, none has merit and only two warrant limited comment by this Court. First, testimony at the suppression hearing concerning the substance of information transmitted between fellow officers shortly after the incident, which included a specific description of the vehicle in which defendant was seen leaving the scene and its license plate number, was sufficient to support the conclusion that the stop was lawful (*see People v Dodt*, 61 NY2d 408, 415-416 [1984]; *see e.g. People v McFadden*, 244 AD2d 887, 888 [1997]; *People v Elmore*, 236 AD2d 851, 852 [1997], *lv denied* 89 NY2d 1034 [1997]; *People v Maye*, 206 AD2d 755, 757 [1994], *lv denied* 84 NY2d 1035 [1995]). Moreover, upon our review of the record, we are unpersuaded by defendant's claim that he was denied the right to be present at any

material stage of the trial (*see People v Keen*, 94 NY2d 533, 536 [2000]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing defendant's conviction of the crime of robbery in the second degree to the crime of robbery in the third degree; matter remitted to the County Court of Albany County for resentencing on said count; and, as so modified, affirmed.