■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN D. RUNDBLAD, Appellant.—Levine, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered July 25, 1988, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol.

Defendant was arrested for drunken driving at approximately 1:00 A.M. on September 26, 1987 after leaving a restaurant and being followed by Sheriff's Deputies for three quarters of a mile in the Town of Worcester, Otsego County. Defendant refused to submit to a blood test. Following a jury trial, defendant was convicted of operating a motor vehicle while under the influence of alcohol, as a felony (Vehicle and Traffic Law § 1192 [3]).

Defendant's first point on appeal is that there was insufficient evidence, as a matter of law, to support the conviction. We disagree. The arresting officers testified that they observed defendant's vehicle weave across the solid double lines of the straight roadway at least three times in the span of less than a mile while they followed him, during which he was driving at a speed of 55 miles per hour in a 30-mile-per-hour zone. Defendant had to be assisted out of his vehicle after he was

stopped. He demonstrated symptoms of extreme intoxication, including a strong odor of alcohol on his breath, glassy eyes, slurred speech and inability to stand erect. The officers, one of whom was previously familiar with defendant when he was both intoxicated and sober, opined that he was extremely intoxicated. Defendant admitted to the police that he had been drinking. This evidence, cumulatively, was amply sufficient if believed for the lay persons on the jury to reasonably find that defendant had voluntarily consumed alcohol to the extent that he was incapable of employing the physical and mental abilities necessary to operate his vehicle in a reasonable and prudent manner (see, People v Cruz, 48 NY2d 419, 428, appeal dismissed 446 US 901). Additionally, the jury could also infer that his refusal to submit to a blood test demonstrated consciousness of guilt (see, People v Haitz, 65 AD2d 172, 176).

The only other contention of defendant meriting extended discussion is that the form in which the jury verdict was announced was such that it is impossible to determine whether he was found guilty of the crime of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) or of the traffic infraction of driving with ability impaired (Vehicle and Traffic Law § 1192 [1]). We again disagree. Examining the jury verdict in the context of County Court's instructions, to which the verdict responded, we find that the record does evince the jury's intent to find defendant guilty as charged in the single count of the indictment, that is, driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). In its instructions, the court read the indictment to the jury, charging defendant with "operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law, Section 1192 Subdivision 3", committed by defendant's operating a motor vehicle on a named public highway "while in an intoxicated condition". After fully defining the terms of the indicted charge, the court then explained that if, and only if, the defendant was found not guilty of the crime charged in the indictment, the jury could then consider his guilt of the lesser offense, not charged, of driving while defendant's ability was impaired by alcohol.

The confusion alluded to by defendant arises out of the form of interrogation by the court clerk in eliciting the jury's verdict:

"THE CLERK: How do you find with respect to the charge of operating a motor vehicle while under the influence of alcohol?

THE FOREPERSON: We find the defendant guilty."
Considered in the light of County Court's instruction, this confusion largely evaporates. First, the only *"charge* of operating a motor vehicle while under the influence of alcohol" (emphasis supplied) was that contained in the indictment, i.e., driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Second, according to the court's explicit instructions, the jury would not have announced a guilty verdict on the lesser offense of driving with ability impaired without first unanimously rendering and announcing a not guilty verdict on the greater crime charged in the indictment *(see, People v Boettcher,* 69 NY2d 174, 183).

Thus, the most reasonable interpretation of the verdict is that the jury found defendant guilty, as charged, of a violation of Vehicle and Traffic Law § 1192 (3), which became elevated to a felony by reason of defendant's prior conviction. To whatever extent lingering doubts on the meaning of the verdict may remain, since they could easily have been laid to rest by timely objection or jury polling on the part of the defense when the verdict was rendered and there was strong evidence of guilt, this is a most appropriate instance when the failure to so preserve the issue should preclude invoking it as a ground for reversal in the interest of justice *(see, People v Marilla,* 7 NY2d 319, 320-321; *see also, People v Stahl,* 53 NY2d 1048, 1050).

Since defendant's remaining points are entirely devoid of merit, the conviction should be affirmed in all respects.

Judgment affirmed. Kane, Levine and Harvey, JJ., concur.

Mahoney, P. J., and Mercure, J., dissent and vote to reverse in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We respectfully dissent. To be found guilty of "operating a motor vehicle while under the influence of alcohol" creates confusion about the exact nature of defendant's conviction since there are felony and traffic infraction versions of this offense *(see,* Vehicle and Traffic Law § 1192 [1], [3]; § 1193 [1] [a], [c]) which were charged to the jury. Because of the ambiguity of the language employed by the court clerk, we cannot determine whether the jury found defendant guilty of the felony or traffic infraction. Considering the disparate consequences between a felony and traffic infraction conviction and the patent lack of precision in the verdict, we would invoke our authority to reverse in the interest of justice and remit to County Court for a new trial.