■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARMANDO GONZALEZ, Respondent.—Order, Supreme Court, Bronx County (Antonio Brandveen, J.), entered on or about March 6, 1990, which granted defendant's motion to dismiss the indictment with leave to re-present, unanimously reversed, on the law, the motion denied and the indictment reinstated.

After defendant was arraigned on a felony complaint his counsel was served in open court with notice of his right to testify before the grand jury pursuant to CPL 190.50. When the Assistant District Attorney inquired as to whether defendant would, in fact, testify, counsel reserved his decision. On the next adjourned date, newly assigned defense counsel noted that she had been informed that the case had already been presented to the grand jury and then stated in open court, in the defendant's presence, that the defendant did not wish to testify. An indictment was then voted and filed and defendant was arraigned on it. Two weeks later, defendant wrote to the court, claiming, *inter alia,* that he had not been served with notice of his right to appear before the grand jury and never waived his right to do so. After defendant formally moved, through counsel, to dismiss the indictment on these facts, the court did so, finding that the untimeliness of the defendant's motion to dismiss should be waived because of the change in defense counsel and the lack of prejudice to the prosecution.

A motion to dismiss an indictment on the grounds that a defendant was deprived of his right to testify must be made within five days of defendant's arraignment on the indictment (CPL 190.50 [5] [c]). Here, there is simply no support in the record for defendant's argument that because his original counsel was replaced, he was unaware of or confused about his right to testify and that the time should therefore be extended. *(Cf., People v Prest,* 105 AD2d 1078.) Defendant's claim is clearly belied by the record, which demonstrated not only that his counsel had been served with notice and the matter discussed in open court at his initial arraignment, but that he was present when his second counsel stated that he did not wish to testify and he made no attempt at that time to contradict her. Indeed, defendant's letter claiming he wished to testify was not even sent within five days of that appearance, but, rather, two weeks later.

There was, on this record, no basis to find that defendant

was deprived of an opportunity to make a timely request to testify. Thus, the indictment was improperly dismissed pursuant to CPL 190.50 and should be reinstated. Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.