■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONARD WILKINS, Respondent.—Order of the Supreme Court, New York County (Patricia Williams, J.), entered February 5, 1992, which dismissed the indictment pursuant to CPL 190.50 (5), with leave to re-present, on the ground that defendant had been denied his opportunity to testify before the Grand Jury, unanimously reversed, on the law, and the indictment reinstated.

Defendant was arraigned on September 20, 1991 on the charge of robbery in the second degree and notified by the People of their intent to present the case to the Grand Jury. On September 24, 1991, the Grand Jury returned an indictment which was filed on September 30, 1991.

It is uncontested that defendant orally indicated his desire to testify before the Grand Jury on October 16, 1991. On that date, the court relieved defendant's arraignment counsel and

extended defendant's time to file a motion to dismiss for five days, but defendant did not avail himself of the extension. New counsel appeared for defendant on October 25, 1991 and defendant filed his omnibus motion on November 19, 1991 seeking, *inter alia,* leave to file a motion to dismiss the indictment. In a December 10, 1991 decision, Supreme Court granted leave to defendant to file the motion within 30 days.

Defendant filed his motion to dismiss on January 3, 1992. The court conducted a hearing, finding that while defendant was advised of his right to appear before the Grand Jury and did not exercise that right, at no time had defendant waived the right. The court held that defendant was deprived of his right to appear before the Grand Jury but concluded that he was not denied effective assistance of counsel.

The determination that dismissal of the indictment is required because defendant was denied his right to appear before the Grand Jury is erroneous. According to CPL 190.50 (5) (a), "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent." The statute further states that an indictment obtained in violation of this provision is invalid and must be dismissed, providing a motion is made within five days after arraignment (CPL 190.50 [5] [c]). "If the contention is not so asserted in timely fashion, it is waived and the indictment or prosecutor's information may not thereafter be challenged on such ground" *(ibid.).*

On appeal, defendant alleges that he did not make a timely written request to testify before the Grand Jury due to the failure of his arraignment counsel to mention the possibility of a Grand Jury appearance. However, the statutory language makes clear that if defendant wished to object to the indictment on the ground that he was denied his right to testify before the Grand Jury, he had to do so within five days of the arraignment. Even if it is accepted, arguendo, that defendant's change of counsel is a basis for extension of the statutory period, his motion is still untimely *(People v Reddy,* 108 AD2d 945). Having failed to timely object, defendant waived his statutory right to testify before the Grand Jury.

In addition, defendant asserts, as he did before Supreme Court, that he was not provided with effective representation

by arraignment counsel, contending that she failed to assist him in reaching a decision on whether or not to appear before the Grand Jury. However, it should be noted that, following the hearing conducted on the dismissal motion, Supreme Court found that defendant was informed of his right to testify before the Grand Jury and failed to exercise that right. The court also expressly concluded that defendant was not denied the effective assistance of counsel.

We note that defendant, who admits having been arrested 17 times and entering three separate guilty pleas to three individual felony indictments, stated that he "could have been told", in the course of his experience with the criminal justice system, about the right to testify before the Grand Jury. Defendant's arraignment counsel testified that the possibility of giving Grand Jury testimony was discussed with defendant and that it was her advice that "he would do better to tell his story at a trial where he would have the right to cross-examine the witnesses." We agree with Supreme Court that arraignment counsel afforded defendant meaningful representation. Moreover, it cannot be said that the decision to forego the opportunity to testify before the Grand Jury was not in the best interests of defendant, as perceived by counsel, and reflects "well-reasoned and competent pretrial strategy" *(People v Jackson,* 134 AD2d 521, 522, *lv denied* 70 NY2d 956). Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Rubin, JJ.