■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAWRENCE BIGGS, Respondent. [625 NYS2d 16] —Order, Supreme Court, Bronx County (Fred W. Eggert, J.), entered March 29,

1993, granting defendant's CPL 190.50 motion to dismiss the indictment (with leave to the People to re-present) on the ground that defendant had been denied his right to testify before the Grand Jury, unanimously reversed, on the law, the motion is denied, the indictment is reinstated, and this matter is remanded for further proceedings consistent herewith.

Defendant, the driver of an automobile in which there were two passengers, was arrested in October 1992 and charged with criminal possession of a weapon in the third and fourth degrees, in connection with a gun found wrapped on the rear seat next to one of the passengers. In open court, defendant, through counsel, indicated a desire to testify in his behalf before the Grand Jury. After two court adjournments, the Grand Jury considered the case in defendant's absence, and handed up a true bill on both counts on December 14. Defendant had missed his scheduled appearance before the Grand Jury on December 11, apparently as a result of a mix-up between attorney and client as to the hour the jury was to convene. On January 6, 1993, an Assistant District Attorney advised defendant and counsel in court of the December 14 indictment. Arraignment on the indictment took place on January 28.

On February 24, 1993, defendant moved for dismissal of the indictment, counsel reiterating defendant's consistently stated desire to testify before the Grand Jury, and explaining the confusion that had led to defendant's missed appearance before the Grand Jury on December 11. The People opposed the motion on the ground of untimeliness, and also urged rejection of the proffered reason for missing the Grand Jury appearance. On March 23, the court denied the motion on both the grounds averred by the People. The following day, defendant's counsel made an oral application for reconsideration, explaining that the confusion over the timing of the Grand Jury proceeding on December 11 had been entirely her fault, whereupon the court agreed to recall its one-day-old order and grant defendant's CPL 190.50 motion, with leave to the People to re-present the case to the Grand Jury.

A motion to invalidate an indictment for violating an individual's right to appear before a Grand Jury "must be made not more than five days after the defendant has been arraigned upon the indictment", or else it is waived (CPL 190.50 [5] [c]). The mandatory nature of this rule has been widely recognized (People v Anderson, 192 AD2d 714; People v Brown, 176 AD2d 641, lv denied 79 NY2d 944; People v Taylor, 165

AD2d 800, 801; *People v MacCall,* 122 AD2d 79, *lv denied* 68 NY2d 814; *People v Reddy,* 108 AD2d 945, 946).

In granting the motion to dismiss the indictment on reconsideration, the court cited only *People v Jimenez* (180 AD2d 757), a decision in which untimeliness was not in issue. Where untimeliness clearly is in issue, the court has no discretion to dismiss the indictment on this ground *(see, People v Wilkins,* 188 AD2d 320, *lv denied* 81 NY2d 978; *People v Gonzalez,* 176 AD2d 109, *lv denied* 81 NY2d 762). Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.