■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY BROWN, Appellant. [625 NYS2d 41] —Judgment, Supreme Court, New York County (Herbert Altman, J., at CPL 190.50 motion hearing; Renee White, J., at suppression hearing and trial), rendered May 4, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

Defendant waived his right to testify before the Grand Jury by waiting until four months after he was arraigned on the indictment before filing a motion to dismiss the indictment on the grounds that he was not afforded the opportunity to testify despite his service of written notice (CPL 190.50 [5] [c]; *People v Wilkins,* 188 AD2d 320, *lv denied* 81 NY2d 978), and by, as the hearing found, ratifying his attorney's earlier withdrawal of cross Grand Jury notice during their discussion on the afternoon of the CPL 180.80 day *(People v Windley,* 134 AD2d 386, 387).

The trial court properly declined to discharge a juror who

was present in an elevator with an alternate juror, whom the court ultimately dismissed, when the alternate's husband indicated that he had been informed by a police officer that defendant had been videotaped during the crime. The record supports the court's finding, made after a "probing and tactful inquiry" of both jurors, that this juror, unlike the alternate, had "tuned out" and could not recall the substance of the conversation *(People v Buford,* 69 NY2d 290, 299). Concur— Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.