■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VARRIALE, Appellant. [656 NYS2d 864] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered October 3, 1995, convicting defendant, after a jury trial, of operating a motor vehicle while under the influence of alcohol as a felony, reckless endangerment in the second degree, and aggravated unlicensed operation of a motor vehicle, and sentencing him to concurrent prison terms of 1 to 3 years, 1 year, and 30 days, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's conviction for driving while intoxicated was sufficiently supported by the passenger's testimony concerning the amount defendant had to drink prior to the time of the accident, the police officers' testimony regarding defendant's physical condition and demeanor, and the circumstances surrounding the accident (see, People v Babala, 154 AD2d 727, lv denied 75 NY2d 810; People v Rundblad, 154 AD2d 746).

Since defendant failed to move to dismiss the indictment on the ground that he was deprived of the right to testify before the Grand Jury, appellate review of that issue is foreclosed (see, CPL 190.50 [5] [c]; People v Brown, 214 AD2d 434, lv denied 86 NY2d 840). Defendant's claims concerning the prosecutor's summation comments are unpreserved (see, People v Balls, 69 NY2d 641), and we decline to review them in the interest of justice. Were we to review them, we would find that they do not warrant reversal. Contrary to defendant's unpreserved contention, the court's definition of intoxication was proper (see, People v Ardila, 85 NY2d 846). We perceive no abuse of discretion in sentencing. We have reviewed defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Tom, JJ.