People v Palacios (2025 NY Slip Op 50344(U))

[*1]

People v Palacios (Eduardo)

2025 NY Slip Op 50344(U) [85 Misc 3d 132(A)]

Decided on March 20, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 20, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570370/16

The People of the State of New
York, Respondent,

against

Eduardo Palacios,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Mary V. Rosado, J.), rendered April 18, 2016, after a jury trial,
convicting him of driving while intoxicated and leaving the scene of an incident without
reporting, and imposing sentence.

Per Curiam.

Judgment of conviction (Mary V. Rosado, J.), rendered April 18, 2016, affirmed.

Defendant was convicted, after a jury trial, of driving while intoxicated (see
Vehicle and Traffic Law § 1192 [3]) and leaving the scene of an incident without
reporting (see Vehicle and Traffic Law § 600 [1] [a]). Although not
challenged by defendant, we find that the verdict was supported by legally sufficient
evidence and was not against the weight of the evidence (see People v Danielson,
9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility
determinations. An eyewitness testified that defendant crashed his vehicle into the
witness's vehicle, and then fled the scene on foot, while staggering and appearing
disoriented. The police officers' testimony demonstrated that when they encountered
defendant shortly thereafter, he exhibited classic signs of intoxication, such as watery and
bloodshot eyes, an unsteady gait, and a strong odor of alcohol on his breath. Defendant
admitted to the officers that he had been drinking and that he felt "twisted"; and they
recovered an open bottle of vodka from inside his vehicle. Defendant also refused to take
a breath test (see People v Varriale, 238 AD2d 208 [1997]).

A trial court has great latitude in limiting the scope and duration of counsel's closing
statements (see Herring v New York, 422 US 853, 862 [1975]; People v
Brown, 136 AD2d 1, 16 [1988], lv denied 72 NY2d 857 [1988], cert
denied 488 US 897 [1988]) and, in this case, the trial court did not improvidently
exercise its discretion. During defense counsel's summation, the court inquired "is 10
more minutes sufficient time, or do you need more?" Counsel requested a "little more."
Subsequently, the court stated "counsel please start wrapping up" and later stated
"Counsel, five minutes." Defense counsel then completed summation.

Here, the court's limitation, which was made after first inquiring about how much
more time counsel needed to complete summation and then, after warning counsel to
"start wrapping [*2]up," was a sound exercise of
discretion (see People v Love, 244 AD2d 431, 431 [1997], lv denied 91
NY2d 876 [1997]; People v Brown, 136 AD2d at 16-17). People v Gibian (76 AD3d
583, 588 [2010], lv denied 15 NY3d 920 [2010]), heavily relied upon by
defendant, which involved a "sudden midclosing imposition of a time limit" on
summation, without any advance warning of any limit, is therefore distinguishable.

In any event, even assuming error, it was harmless beyond a reasonable doubt in
view of the overwhelming evidence of defendant's guilt (People v Crimmins, 36
NY2d 230, 241-242 [1975]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: March 20, 2025